IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00867-MSK-KLM

MEDCORP, INC., an Ohio corporation,

    Plaintiff,

v.

PINPOINT TECHNOLOGIES, INC., a Delaware corporation, and
ZOLL DATA SYSTEMS, INC., a Delaware corporation,

    Defendant(s).
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff **Medcorp's Motion to Amend Scheduling Order** [Docket No. 33; Filed October 28, 2008] (the "Motion"). Defendants filed a Response in opposition to the Motion on November 17, 2008 [Docket No. 42], and Plaintiff filed a Reply on December 2, 2008 [Docket No. 45]. The Motion has been fully briefed and is ripe for resolution. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth below.

The Motion arises out of a lawsuit for breach of contract, fraud, and breach of the duty of good faith and fair dealing pursuant to Colorado law [Docket No. 1]. Specifically, Plaintiff contends that Defendants materially breached a software licensing agreement between the parties and improperly induced Plaintiff to enter into the agreement based upon false representations.

As a preliminary matter, I find that Plaintiff's certificate of conferral [Docket No. 33-2]

does not satisfy the spirit and purpose of D.C. Colo. L. Civ. R. 7.1(A), and the Motion is subject to denial on this basis alone. Despite Plaintiff's counsel's contention that on July 14, 2008, he met with counsel for Defendants to discuss an agreement on the number of depositions each party may take and that no agreement was reached at that time, the instant Motion was filed more than three months later and Plaintiff failed to certify that it conferred about the details and arguments advanced in the Motion. Indeed, Defendants contend that had Plaintiff conferred, a portion of the Motion may not have been necessary or, at the least, that Defendants' current position may have better informed Plaintiff's Motion. *Response* [#42] at 1. The purpose of Local Rule 7.1(A) is to conduct a motion-specific conference to ensure that the moving party is asserting only those issues that are truly in dispute. Given that Plaintiff did not obtain the current position of Defendants in relation to the specific relief being sought in the Motion, Plaintiff failed to comply with the spirit of Local Rule 7.1(A). Regardless, I find that justice would be served by resolving the Motion on its merits.

A party may seek amendment of a Scheduling Order by a showing of good cause. Fed. R. Civ. P. 16(b)(4). Here, Plaintiff contends that based upon a three-hour Rule 30(b)(6) deposition of Defendants' Human Resources Director, Cindy Koehler, it has determined that an additional twenty-eight depositions of former or current employees of Defendants are necessary. *Motion* [#33] at 3-4. Pursuant to the Scheduling Order, the parties are limited to ten depositions per side. As such, Plaintiff seeks modification of the Scheduling Order to allow Plaintiff to take an additional nineteen depositions (for a total of twenty-eight individual depositions and one Rule 30(b)(6) deposition).

While Plaintiff provides great detail about the individuals it seeks to depose and the

2

potential evidence each deponent may have regarding the software at issue and business dealings between the parties, it fails to articulate why fewer depositions of key individuals, e.g., David Brown, or supervisors of several lower-level employees could not provide the same type and scope of information.  Indeed, it is entirely unclear to the Court why ten carefully-selected depositions would not be sufficient.  Ten depositions is the presumptive limit.  Fed. R. Civ. P. 30(a)(2)(i).  Good cause to modify the Scheduling Order and substantially increase the number of depositions beyond ten cannot be shown merely by demonstrating that many people could have discoverable information.  *See Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 692 (D. Kan. 1996) ("The mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual.").

Further, Defendants object to Plaintiff's request on the basis that the additional depositions would be overly burdensome or duplicative.  The Court may prohibit discovery "to protect a party or any person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  To this end, I may order that the disputed discovery be obtained from methods other than those proposed, e.g., interviews or interrogatories.  *Id.* 26(c)(1)(C).  Here, it is entirely unclear to the Court why other methods of discovery would not be sufficient to supplement the information that Plaintiff derives from the ten depositions already permitted.  In addition, I tend to agree with Defendants that Plaintiff's request to depose nineteen additional individuals at the outset (as opposed to a smaller, more reasonable additional number), prior to determining whether the necessary information can be derived from a smaller subset of people, is premature or, at the least, extreme at this stage.

I am also persuaded by Defendants' representation that the number of depositions proposed by Plaintiff would cost a substantial amount of money in attorneys' fees and transportation costs. *See* 1993 Advisory Committee Notes to Fed. R. Civ. P. 30(a)(2)(A) (recognizing that counsel have a professional responsibility to pursue discovery in a cost-effective way). In addition, the sheer number of wo/man hours that Defendants, their employees and their counsel would have to expend to accomplish such an aggressive deposition schedule would be excessive given that to this point, the Court is not convinced that Plaintiff has made any efforts to obtain the information it seeks from fewer deponents or other discovery methods. Pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii), I <u>must</u> limit discovery where the burden or expense "outweighs its likely benefit." Until such time as it is clear that no less than twenty-nine depositions is warranted, my duty is to prohibit such discovery. Further, until such time as it is clear that twenty-nine depositions would not lead to unreasonably cumulative or duplicative discovery, my duty is to prohibit such discovery. *Id.* 26(b)(2)(C)(i).

I find that Plaintiff has failed to provide good cause in support of its Motion. Further, to the extent that Plaintiff requests a ninety-day extension of the discovery deadline, the Motion is **denied**. I note that Defendants' motion to stay discovery is pending [Docket No. 43]. I also note that the parties' agreed to a protracted briefing schedule in relation to Defendants' motion [Docket No. 46]. The Court takes no position on the merits of Defendants' motion except to note that the filing of a request to stay discovery should not impact the parties' diligence in pursuing discovery within the discovery deadline. Any future request by a party to extend the discovery deadline because the party voluntarily suspended discovery during the pendency of the motion to stay discovery will not provide

4

good cause for modification of the discovery deadline.

Dated: December 12, 2008

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge