IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00867-MSK-KLM

MEDCORP, INC., an Ohio corporation,

    Plaintiff,

v.

PINPOINT TECHNOLOGIES, INC., a Delaware corporation, and
ZOLL DATA SYSTEMS, INC., a Delaware corporation,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendants' Motion to Compel Plaintiff to Produce Its Fed. R. Civ. P. 26(a) Disclosure Documents and to Provide Complete Discovery Responses** [Docket No. 69; Filed March 2, 2009] ("Defendants' Motion")and **Medcorp's Renewed Motion to Amend Scheduling Order** [Docket No. 73; Filed March 10, 2008] ("Plaintiff's Motion").  The Motions have been fully briefed and are ripe for resolution.  Accordingly,

    IT IS HEREBY **ORDERED** that Defendants' Motion [#69] is **GRANTED**.

    IT IS HEREBY **ORDERED** that Plaintiff's Motion [#73] is **GRANTED in part and DENIED in part**.  My rulings on both Motions are explained below.

### I.  Defendants' Motion

This case involves claims for breach of contract, fraud, and breach of the duty of good faith and fair dealing pursuant to Colorado law [Docket No. 1].  Specifically, Plaintiff contends that Defendants materially breached a software licensing agreement between the

parties and improperly induced Plaintiff to enter into the agreement based upon false representations.

As a preliminary matter, as with previous discovery issues [Docket No. 49], the parties disagree as to whether the moving party meaningfully complied with its duty to confer pursuant to D.C. Colo. L. Civ. R. 7.1(A). In order to expedite resolution of discovery disputes and to attempt to minimize the costs involved in such disputes,

IT IS HEREBY **ORDERED that no opposed discovery motions shall be filed with the Court until the parties comply with D.C. Colo. L. Civ. R. 7.1(A). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with Magistrate Judge Mix to attempt to resolve the issue. Both of these steps must be completed before any future contested discovery motions are filed with the Court. Any discovery motion which is filed without following these prescribed steps will be summarily stricken.**

In regard to Defendants' Motion, I note that three weeks after its filing, Plaintiff produced the majority of records and information responsive to Defendants' requests. Regardless of whether Defendants failed to confer or whether Plaintiff unreasonably withheld this discovery, the Court notes that the present discovery dispute has been limited significantly since Defendants' Motion was filed. *See Reply* [#87] at 3. The remaining issues are whether Plaintiff should be compelled to fully respond to Interrogatory Nos. 12 and 14. Plaintiff claims, and Defendants accept, that Plaintiff has now provided its Fed. R. Civ. P. 26(a) disclosures, has fully responded to Interrogatory Nos. 2-4, 8, 11, 13 & 15, and has fully answered Defendants' outstanding document requests. *See Response* [#78] at

12-27; *Reply* [#87] at 7.[1]

### A.    Interrogatory No. 12

Interrogatory No. 12 seeks information related to whether Plaintiff experienced technical difficulties with the software it utilized to replace Defendants' software.[2] Plaintiff objects to responding to Interrogatory 12 on the grounds that it is vague, burdensome, and irrelevant. Specifically, Plaintiff argues that

> [i]f MedCorp's replacement software was identical to Zoll's product, certain technical issues might be informative, but the issues would still be misleading and prejudicial . . . .  In any event, MedCorp has not approached the replacement process in a way that would be responsive to Zoll's interrogatory . . . and would require MedCorp to create and assemble voluminous information that does not exist.

*Response* [#78] at 22.

Defendants counter that "this interrogatory is reasonably calculated to lead to the discovery of admissible evidence" and will enable Defendant "to evaluate whether MedCorp continues to experience issues with its computer system even after it has ceased its use of Zoll's software," which "goes to the core of MedCorp's claims . . . ." *Reply* [#87] at 7-8.

Whether the information sought via Interrogatory No. 12 is relevant is a broad

---

[1] To the extent that Defendants condition their acceptance of Plaintiff's discovery production on a Court Order "limiting the evidence that MedCorp may introduce at trial to the interrogatory responses and documents that MedCorp has produced in this matter to date," I decline to grant this request. *See Reply* [#87] at 7. Independent requests for relief must be made by motion and are not appropriately included in a response or reply. D.C. Colo. L. Civ. R. 7.1(C). Further, upon review of Plaintiff's production, if Defendants are dissatisfied with the completeness of Plaintiff's effort, such a dispute can and should be addressed by following the steps for resolving discovery disputes set forth above.

[2] Interrogatory 12 states: "For any software identified in your response to Interrogatory No. 11, state whether you have experienced any technical difficulties with this replacement software, including whether you have experienced any issues similar to the alleged defects that you identified in Paragraph 15 of your Complaint" [Docket No. 69-12 at 11].

determination, the goal of which is to allow the parties to discover whatever is necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)).  In addition, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  As such, discovery cannot be avoided merely because the information or documents sought are likely to be inadmissible.  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984); 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2008, at 111-13 & nn.31-33 (2d ed. 1994).  If the material sought is relevant to the case and may lead to admissible evidence, it should generally be produced.

On balance, I agree with Defendants that this information may lead to the discovery of relevant and admissible information.  The operation of Plaintiff's computer system is a material fact in this litigation.  How the system operated with replacement software is, therefore, likely to lead to the discovery of admissible evidence.  To the extent that Plaintiff argues that it should nevertheless be shielded from responding to Interrogatory No. 12 because it is vague or burdensome, I find that Plaintiff has failed to meaningfully substantiate either contention.  It is the objecting party's burden to show why a discovery request is objectionable, and that burden cannot be sustained merely by asserting "boilerplate claims that the requested discovery is oppressive [or] burdensome. . . ." *Klesch*

4

*& Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). "When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Sonninno v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004).

The blanket assertion that Interrogatory No. 12 is vague or burdensome, without sufficient justification, does not satisfy Plaintiff's burden. Here, Plaintiff has offered no substantiation of its objection that the interrogatory is vague. The only specific substantiation offered to establish burdensomeness is a quote from Plaintiff's in-house counsel about the burden of responding to a different interrogatory. *Response* [#78] at 21. While Plaintiff makes a general argument that it has not compiled information regarding technical difficulties caused by replacement software in a way that would make it easy to respond to Interrogatory No. 12, this alone is not sufficient to overcome the strong preference for broad production. Discovery is not limited to information that has been compiled or organized by a party prior to litigation. *See* 8A Charles Alan Wright et al., *Federal Practice & Procedure* § 2174, at 306-09 (2d ed. 1994) (noting that discovery cannot be avoided merely because it requires research or compilation unless the burden rises to the level of undue burden or oppression).

**B.     Interrogatory No. 14**

Interrogatory No. 14 seeks a description of Plaintiff's attempts to remedy any

performance deficiencies it experienced from the use of Defendants' software.[3]  Plaintiff objects to responding to Interrogatory 14 on the grounds that it is broad, vague, and burdensome.  Specifically, Plaintiff argues that

> For MedCorp to provide a complete answer to this interrogatory, MedCorp would have to ask every current and former employee (and independent contractor) since 1997 whether or not he or she recalled having engaged in any such attempts over the course of his or her use of Defendant's software.

*Response* [#78] at 22.

I find that Plaintiff has failed to substantiate its burden objection.  It defies logic that Plaintiff would commence litigation relating to alleged performance deficiencies in Defendants' software without (a) identifying those individuals with knowledge of Plaintiff's attempts to remedy the alleged deficiencies; and (b) gathering information about such remedial attempts.  Assuming that Plaintiff commenced this litigation without gathering such information, Plaintiff should bear the burden of gathering it now, as discovery is not limited to information that has been compiled by a party prior to litigation, and this information is clearly relevant to the subject matter of the litigation.  Further, Plaintiff offers no justification for its objections that Interrogatory No. 14 is broad or vague.  As such, Plaintiff has failed to sustain these objections, and the Court rejects them.

Accordingly, Plaintiff is compelled to respond fully to Interrogatory Nos. 12 and 14, without objection, on or before **May 15, 2009**.  Although Defendants also seek to sanction Plaintiff for the costs of the Motion and for producing a majority of the discovery called for after Defendants' Motion was filed pursuant to Fed. R. Civ. P. 37(a)(5), I decline to impose

---

[3] Interrogatory No. 14 states:  "Describe with specificity each and every attempt by MedCorp to improve the performance and/or response time of the software that MedCorp licensed from Zoll" [Docket No. 69-12 at 11].

6

any monetary sanctions here because: (1) Defendants did not request monetary sanctions in their Motion and, consequently, no notice has been given to Plaintiff; and (2) the parties' dispute about whether Defendants meaningfully conferred prior to filing Defendants' Motion sufficiently casts doubt as to whether monetary sanctions are justified.

## II. Plaintiff's Motion

Plaintiff's Motion is an attempt to revisit the Court's prior ruling regarding the appropriate number of depositions each party should be permitted to take in this case. At the Scheduling Conference, the Court set the presumptive limit of ten depositions per side [Docket No. 21]. At the beginning of discovery, Plaintiff moved to increase that number to approximately forty depositions per side [Docket No. 33]. The motion was denied due to: (1) Plaintiff's failure to provide good cause for modifying the Scheduling Order; (2) the premature nature of the request, and (3) the undue burden of such a discovery schedule on Defendants without an adequate showing that the depositions were necessary and would not be duplicative. *Order* [#49] at 3-4. The parties have now engaged in significant discovery, and Plaintiff has deposed seven current and former Zoll employees ("Zoll deponents"). On the basis of these depositions, Plaintiff now seeks to increase the number of depositions "from ten (10) to thirty-eight (38) or, at a minimum, to twenty (20), and afford an additional thirty (30) days for such discovery to be completed." *Plaintiff's Motion* [#73] at 49-40. Therefore, Plaintiff seeks ten to twenty-eight additional depositions.

Plaintiff's Motion is based upon four main contentions: (1) the Zoll deponents chosen by Plaintiff did not possess the knowledge Plaintiff had hoped, or were disingenuous in claiming that they did not remember key information; (2) the Zoll deponents pointed to other individuals, including other Zoll employees or third parties, who might have

7

relevant information; (3) Defendants misled Plaintiff as to which deponents would have responsive information; and (4) Defendants' Second Supplemental Disclosures justify the request to increase the number of deponents because Defendants included a list of the majority of the individuals Plaintiff would now like to depose. *Id.* at 33, 37 & 40; *Reply* [#86] at 8. In summary of its position, Plaintiff contends:

> Defendants have unequivocally admitted that depositions beyond those currently permitted under the Scheduling Order are absolutely necessary. Further, the deposition testimony from the Deponents to Date has demonstrated an utter lack of memory as to information regarding material issues surrounding the Case. Without further ability to ascertain that information, MedCorp faces the risk that MedCorp may not be able to adequately prepare for trial, even at a minimal level. Thus, MedCorp must take more depositions than are currently allowed.

*Reply* [#86] at 16.

Defendants oppose the relief requested and do not agree that any greater number of depositions should be permitted. Specifically, Defendants contend that "Plaintiff's Motion outlines the inherent evidentiary issues that arise when a party brings a lawsuit long after the statute of limitations has expired." *Response* [#79] at 1. The Court notes that a Motion for Summary Judgment is pending before the District Court on the issue of whether at least one of Plaintiff's claims is barred by the applicable statute of limitations [Docket No. 40]. To this end, Defendants argue that it is not surprising that witnesses are having trouble remembering key information. *Id.* at 6-7. Further, Defendants posit that "it is clear Plaintiff seeks to depose *Zoll's* witnesses, in large part, regarding information that *Plaintiff itself* should already possess." *Id.* at 5.

A party may seek amendment of a Scheduling Order by making a showing of good cause for the amendment. Fed. R. Civ. P. 16(b)(4). While Plaintiff again provides great

8

detail about the individuals it seeks to depose and the potential evidence each deponent may have regarding the software at issue and business dealings between the parties, it fails to articulate why these additional individuals would have any greater ability to remember facts and information than the Zoll deponents to date.  Although Plaintiff contends that its carefully-selected seven depositions did not yield helpful information, as the Court has previously noted, good cause to modify the Scheduling Order and substantially increase the number of depositions beyond ten cannot be shown merely by demonstrating that many people could have discoverable information.  *See Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 692 (D. Kan. 1996) ("The mere fact that many individuals may have discoverable information does not necessarily entitle a party to depose each such individual.").  Plaintiff attempts to distinguish *Dixon* on the basis that the party in that case was seeking seventeen additional depositions after taking forty pursuant to the parties' agreement.  The number of depositions at issue in *Dixon* does not weaken the basic legal premise, namely that parties are not entitled to go on a fishing expedition through discovery on the chance that the greater the number of depositions they take, the more likely it is that the deponents will remember or provide key information.

### A.     Lack of Helpful Information from Zoll Deponents

Plaintiff contends that the Zoll Deponents were disingenuous or biased in their ability to remember key information helpful to Plaintiff's case.  In response to this argument, the Court makes several observations.  First, to the extent that Plaintiff suggests that the Zoll deponents were obstructionist or unreasonable, the proper method for resolving such alleged discovery misconduct is by addressing the dispute during the deposition, and if the dispute remains unresolved, to seek a ruling from the Court about the issue.  Second, as

9

Defendants suggest, Plaintiff has offered no proof of its contention and the more "plausible explanation for any lack of knowledge is that many years (in some cases, as many as ten years) have passed since the facts set forth in Plaintiff's Complaint allegedly occurred." *Response* [#79] at 7.  Third, I agree that "Plaintiff cannot demonstrate, nor is there any reason to believe, that [additional deponents] would have better memories than the witnesses Plaintiff has already deposed . . . ."  *Id.*  Fourth, Plaintiff has not demonstrated why its need for information from the corporate Defendants could not have been met by taking a Fed. R. Civ. P. 30(b)(6) deposition.  Why Plaintiff did not include the topics about which it currently seeks information in a Rule 30(b)(6) deposition notice is unclear.  For example, instead of requesting that the corporate Defendants designate an individual *to identify* the corporate employees who have knowledge of particular issues, Plaintiff could have requested that they designate the individuals *with such knowledge* to answer on behalf of the corporation at the Rule 30(b)(6) deposition.

### B.   New Potential Deponents Identified

Plaintiff argues that it should be permitted to depose additional Zoll employees identified as possibly having relevant information by the Zoll deponents.  However, the Court notes that the Zoll deponents did not identify any employees who were previously unknown to Plaintiff.  Rather, it may be said that Plaintiff's selected depositions did not prove as fruitful as it would have hoped.  This realization does not necessarily entitle Plaintiff to try again, or to take a second or third bite at the apple to depose between ten and twenty-eight additional deponents until it finds the information it feels it needs to prosecute its case.

However, to the extent that Plaintiff contends that the Zoll deponents revealed third

parties for the first time who may have relevant evidence and would not harbor the same alleged bias as the Zoll deponents, I tend to agree that Plaintiff has provided good cause for deposing those individuals. Plaintiff indicates that the category of third parties who may have relevant information is comprised of six individuals. *Motion* [#73] at 40-41. However, one of the individuals included by Plaintiff is Defendants' expert, whose deposition does not count toward the presumptive limit of ten depositions. *See Scheduling Order* [#21] at 12. As such, I find that Plaintiff is entitled to take no more than five additional depositions of third parties.

### C.     Defendants' Conduct

Plaintiff's final arguments are that Defendants misrepresented to Plaintiff which deponents would have relevant information and that Defendants' other conduct, e.g., propounding Second Supplemental Disclosures and failing to adequately respond to written discovery requests, provides good cause for amendment of the deposition limit. Specifically, Plaintiff contends that Defendants' Fed. R. Civ. P. 30(b)(6) deponent either misrepresented which Zoll employees were likely to have the most relevant evidence or those deponents "ultimately chose not to reveal that information." *Reply* [#86] at 8. Plaintiff also contends that because Defendants' Second Supplemental Disclosures include many of the additional individuals Plaintiff would like to depose, they have "unequivocally demonstrated" that additional depositions are necessary. *Id.* at 13-14. Lastly, Plaintiff contends that Defendants' failure to adequately respond to written discovery necessitates additional depositions. *Id.* at 14.

Taking each argument in turn, I find that the Zoll deponents' failure to remember key information, without more, does not evidence that these deponents unreasonably withheld

or misrepresented information. Further, Plaintiff has failed to direct the Court to any testimony from Defendants' Fed. R. Civ. P. 30(b)(6) deposition to suggest that the corporate designee purposefully misled Plaintiff or testified untruthfully about which Zoll employees were likely to have relevant information.

I likewise reject Plaintiff's contention that it is entitled to depose every individual listed in a party's disclosures as potentially having relevant information. Plaintiff provides no legal support for this position, and it is, on its face, contrary to the presumptive deposition limit established by Fed. R. Civ. P. 30(a)(2)(A)(i). To the extent that Plaintiff's argument can be interpreted to suggest that it should be entitled to depose the individuals included in Defendants' Supplemental Disclosures because those disclosures were made after the seven Zoll deponents were selected, I note that Defendants aver, and Plaintiff does not disagree, that every individual contained in the Supplemental Disclosures was disclosed via Defendants' Fed. R. Civ. P. 30(b)(6) deposition or was already known to Plaintiff. *Response* [#79] at 7-8; *Reply* [#86] at 13.

Finally, I reject Plaintiff's assertion that because Defendants have allegedly ignored Plaintiff's written discovery requests, Plaintiff is entitled to remedy this deficiency with depositions. To the extent that Plaintiff contends that Defendants have not satisfied their written discovery responsibilities, the proper procedure for ensuring compliance is to confer with opposing counsel and contact the Court when disputes are not resolved. Ultimately, the filing of a Motion to Compel may be necessary. Plaintiff has failed to avail itself of these remedies. Plaintiff's strategy does not entitle it to offset the alleged lack of written discovery with depositions.

Further, as noted in my prior Order, I give credence to Defendants' argument that

the additional depositions proposed by Plaintiff would be overly burdensome. The Court may prohibit discovery "to protect a party or any person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). I am also persuaded by Defendants' representation that the number of depositions proposed by Plaintiff would cost a substantial amount of money for attorneys' fees and transportation costs. *See* 1993 Advisory Committee Notes to Fed. R. Civ. P. 30(a)(2)(A) (recognizing that counsel have a professional responsibility to pursue discovery in a cost-effective way). Therefore, I must limit discovery where the burden or expense "outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii).

Except for a limited number of third-party deponents, I find that Plaintiff has failed to provide good cause in support of its Motion. Moreover, Plaintiff has failed to show that the potential benefit of additional depositions to Plaintiff outweighs Defendants' burden. Further, to the extent that Plaintiff requests an extension of the discovery deadline to conduct any additional depositions allowed, the Court notes that by separate Order, the discovery deadline has been extended to July 15, 2009 [Docket No. 77]. As such, the Court deems this request to be moot.

The Court summarizes its ruling on the pending Motions as follows:

(1) Plaintiff shall respond fully to Defendants' Interrogatory Nos. 12 and 14, without objection, on or before May 15, 2009;

(2) The Scheduling Order is amended to allow **15** depositions per side, excluding experts. Plaintiff may take up to five additional depositions of third-party witnesses towards its total of 15 depositions; and

(3) If the parties have future discovery disputes, they shall conference together and

then contact the Court.  No opposed discovery motions shall be filed without leave of Court.

Dated:  April 20, 2009

                              BY THE COURT:

                              <u>s/ Kristen L.  Mix</u>
                              Kristen L.  Mix
                              United States Magistrate Judge