IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00867-MSK-KLM

MEDCORP, INC., an Ohio corporation,

    Plaintiff,

v.

PINPOINT TECHNOLOGIES, INC., a Delaware corporation, and
ZOLL DATA SYSTEMS, INC., a Delaware corporation,

    Defendant(s).

_____

**ORDER APPOINTING SPECIAL MASTER FOR DISCOVERY**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court *sua sponte,* pursuant to my Minute Order dated May 15, 2009 [Docket No. 95].  The Court has received no objections to appointment of a Special Discovery Master in this matter. Based upon Fed. R. Civ. P. 53(a)(1)(C) and the Court's conclusion that discovery disputes cannot be effectively and timely addressed by the assigned District Judge and Magistrate Judge in this matter,

    IT IS HEREBY **ORDERED:**

    1.  Kevin D. Allen, Esq., (the "Special Master") is appointed Special Master for the purpose of managing and supervising discovery and resolving discovery disputes.  Mr. Allen's contact information is:

    Allen & Vellone, P.C.
    1600 Stout St., Suite 1100
    Denver, CO 80202-3160
    (303) 534-4499 (ph)
    (303) 893-8332 (fax)

The Special Master is directed to proceed with all reasonable diligence to complete tasks assigned by this Order.

2. The Special Master shall, convene such hearings or direct the submission of motions and briefs relating to discovery disputes as the Special Master deems appropriate, and shall issue orders resolving such disputes.

3. The Special Master shall have the sole discretion to determine the appropriate procedures for resolution of all assigned matters as set forth above and shall have the authority to take all appropriate measures to perform the assigned duties as set forth above.  The Special Master may by order impose upon a party any sanction other than contempt and may recommend a contempt sanction against a party and contempt or any other sanction against a non-party.

4. The parties shall not engage in any *ex parte* discussions with the Special Master and the Special Master shall not engage in any *ex parte* discussions with any of the parties.

5. The parties shall file with the Clerk all papers filed for consideration by the Special Master.  The Special Master shall also file with the Clerk all orders, reports or other communications with the undersigned.

6. Any party seeking review of any ruling by the Special Master shall file objections pursuant to Fed. R. Civ. P. 53(f)(2).  All such objections will be resolved by Magistrate Judge Mix.

7. The Special Master shall be paid $ 310.00 per hour for work done pursuant to this Order, and shall be reimbursed for all reasonable expenses incurred.  The Special Master shall bill the parties on a monthly basis for fees and disbursements, and those bills shall be promptly paid 50% by the Plaintiff and 50% by the Defendants, or as otherwise

ordered by the Special Master. As to any particular portion of the proceedings necessitated by the conduct of one party, the Special Master may assess costs of that portion of the proceedings to the responsible party. On motion of either party, the Court will determine at the conclusion of this litigation whether the amounts paid to the Special Master will be borne on the 50/50 basis, borne as allocated by the Special Master, or will be reallocated.

Dated: May 28, 2009

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix