UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 08-cv-00867-MSK-KLM

MEDCORP, INC., an Ohio corporation,
    Plaintiff,

v.

PINPOINT TECHNOLOGIES, INC., a Delaware corporation, and
ZOLL DATA SYSTEMS, INC., a Delaware corporation
    Defendants

---

**ORDER BY SPECIAL MASTER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER**

---

This matter comes before the Special Master on the **Defendants' Emergency Motion for Protective Order.** Pursuant to the Order Appointing Special Master for Discovery (Docket No. 97), the Minute Order of Magistrate Judge Kristen L. Mix entered on June 29, 2009 (Docket No. 105), and the Minute Order of Magistrate Judge Mix entered July 13, 2009 (Docket No. 108) and Fed. R. Civ. P. 53(c), the Special Master is authorized to enter this order. Based on the arguments raised in the Emergency Motion for Protective Order ("Motion for Protective Order") and in Medcorp's Opposition to Defendants' Motion for Protective Order ("Plaintiff's Response"), and the attachments submitted therewith, the Special Master grants in part and denies in part the relief requested by the Defendants, as set forth below.

**I.    Background**

Pursuant to the Minute Order entered by Magistrate Judge Mix on March 16, 2009 (Docket No. 77), the discovery deadline in this matter was extended, after prior extensions, to July 15, 2009. In this Minute Order, Magistrate Judge Mix also stated that "discovery must be completed prior to the final pretrial conference", scheduled for August 4, 2009. In Magistrate

Judge Mix's Order of April 20, 2009 (Docket No. 88), she, *inter alia*, amended the Scheduling Order to increase by five the number of depositions that could be taken per side. Nevertheless, in this Order, Magistrate Judge Mix restated that the discovery deadline remained July 15, 2009. No motion has been filed by any party formally seeking to extend this discovery deadline.

On May 18, 2009, Plaintiff asked the Defendants to provide deposition dates for three non-party witnesses, all of whom had been interviewed by one of the Defendants' expert witnesses, Mr. Jeff Parmet, in the course of preparing his expert testimony. These witnesses were Phil Collins of East Texas Medical Center, Jack Travato of Alert Ambulance in New Jersey, and Jim Brooks of Armstrong Ambulance in Massachusetts. (Exhibit L to Motion for Protective Order). By June 2, counsel for the Defendants had provided to the Plaintiff various proposed dates for such depositions, all of which were before the discovery cutoff of July 15, 2009. (Motion for Protective Order, Paragraphs 8 and 9).

On June 30, 2009, Plaintiff's counsel indicated in a letter to Defendants' counsel that the Plaintiff would be issuing subpoenas for five non-party witnesses for depositions to occur on the following days:

1. July 13, 2009 Armstrong Ambulance, in Massachusetts;
2. July 14, 2009 Alert Ambulance, in New Jersey;
3. July 16, 2009 Community EMS, in Michigan;
4. July 17, 2009 Superior, in Illinois;
5. July 27, 2009 East Texas Medical Center, in East Texas.

(Exhibit O to Motion for Protective Order).

One of the dates, July 14, 2009, corresponded with the availability of Mr. Travato of Alert Ambulance in New Jersey. The July 13, 2009 date for Armstrong Ambulance did not correspond with the available date for Mr. Brooks, but was a date that occurred prior to the discovery deadline. The three other deposition dates, July 16, July 17, and July 27, 2009, were all after the expiration of the discovery deadline. With respect to the five non-party witness deponents referenced above, the Plaintiff began serving deposition subpoenas and subpoenas duces tecum on them on or about July 2, 2009. (Exhibit Q to Motion for Protective Order).

In the letter of June 30, 2009, Plaintiff also objected to Defendants' Rebuttal Expert Witness Disclosures, to the extent the submission related to "non-retained" experts. The Rebuttal Expert Witness Disclosures were submitted by the Defendants on June 29, 2009, and listed, *inter alia*, seven Zoll employees, "who have not been retained or specially employed to provide expert testimony, and whose duties as an employee do not regularly involve giving expert testimony" but who may present evidence and testimony "under Rule 701, 702, 703, or 705 of the Federal Rules of Evidence." This listing included David Brown, Scott Ford, Scott Martin, Wim DePril, Rob Gotschall, Chad Ashmore, and Amy Smith. These same witnesses had been described as "non-retained" experts, in precisely the same manner, in the Defendants' Expert Witness Disclosures filed on January 30, 2009.

In neither the Expert Witness Disclosures of January 30, 2009 nor the Rebuttal Expert Witness Disclosures was any information pertaining to these "non-retained" experts provided by the Defendants in the manner required by Fed. R. Civ. P. 26(a)(2). In the Scheduling Order entered by Magistrate Judge Mix on July 14, 2008 (Docket No. 21), the parties were required to designate any experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before December 1, 2008. The parties were also required to designate any

rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before January 7, 2009. Those dates were subsequently extended, in an Order by Magistrate Judge Mix dated November 17, 2008 (Docket No. 41), to January 30, 2009 for Expert Disclosures, and March 2, 2009 for Rebuttal Expert Disclosures. Each of these so-called "non-retained" experts have previously been deposed by the Plaintiff in this case. (Ex. C to Motion for Protective Order).

## II. Analysis

As noted above, the Plaintiff has not formally moved that the discovery deadline of July 15, 2009 be extended. Based on the record before me, I cannot conclude that there would be any reasonable basis to extend the deadline. The Plaintiff argues in its Response that its primary reason for needing to conclude discovery after July 15, 2009 was so it could direct resources toward the Forensic Copy review in May of 2009, while expecting the Defendants to complete its depositions then. However, the Forensic Copy protocol was agreed to by the parties in the Joint Proposed Discovery Order (Docket No. 76), and approved by Magistrate Judge Mix in her Minute Order of March 16, 2009 (Docket No. 77), and did not by its terms inhibit any party from appropriately scheduling any discovery it wished to conduct before the discovery deadline. Plaintiff's contention also does not explain why dates provided for non-party deponents were not agreed to. Accordingly, there is no basis to permit any discovery which is the subject of the Motion for Protective Order, and which was scheduled to conclude after the discovery deadline, including the depositions scheduled for July 16, 2009, July 17, 2009, July 27, 2009, referred to above.

With respect to the deposition scheduled for July 14, 2009 of Alert Ambulance in New Jersey, the parties are in agreement that such deposition shall go forward. However, after having arranged this deposition, Alert Ambulance informed counsel for the Defendants that Mr. Travato had become ill and undergone emergency surgery, rendering him hospitalized for the near future. (Motion for Protective Order, paragraph 13). In light of the fact that the parties had previously agreed to the July 14, 2009 date, and Mr. Travato's health has prevented this deposition from being taken prior to the discovery cutoff, it is appropriate that the deposition of Alert Ambulance take place after the currently scheduled discovery cutoff in accordance with the Order set forth below.

With respect to the deposition of Mr. Brooks on behalf of Armstrong Ambulance, D.C. Colo. L. CivR 30.1 requires that before sending a notice to take a deposition, counsel seeking the deposition shall make a good faith effort to schedule it by agreement at a time reasonably convenient and economically efficient to the proposed deponent and all counsel of record. Despite having been provided dates by counsel for the Defendants when Mr. Brooks would be available, the Plaintiff nevertheless scheduled the deposition for Armstrong Ambulance on July 13, 2009, which was not a date that had been provided by defense counsel. However, there is nothing submitted by the Defendants in the record that sufficiently explains why the July 13, 2009 was not reasonably convenient for Mr. Brooks, or for that matter, counsel for the Defendants. Based on these facts, and the fact that the counsel for the Plaintiff did schedule this deposition prior to the discovery cutoff, the deposition of Mr. Brooks, on behalf of Armstrong Ambulance, will be permitted in accordance with the Order set forth below.

In its Response, Plaintiff raises concerns regarding Defendants' designation of "non-retained" experts on June 29, 2009, and requests the opportunity to notice their depositions pursuant to Federal Rule of Civil Procedure 26(b)(4)(A). Since neither the original designation of the "non-retained" experts, nor the rebuttal expert witness disclosures, provide *any* information required by Fed. R. Civ. P. 26(a)(2), it is impossible to determine what "expert" opinions would be explored in further depositions of these individuals. Since (1) the witnesses have all been previously disposed, and (2) the most recent rebuttal expert designation of those witnesses does not provided a basis for any additional discovery from them, none will be permitted.[1] It would appear that proper remedy for any improper witness disclosure is a motion to strike the expert designations of these individuals, or some form of motion in limine, and not additional discovery from them.[2] Such possible motions are beyond the scope of the Special Master's authority, however.

With respect to the subpoenas duces tecum that have been issued in regard to the third-party witnesses depositions that were to take place after July 15, 2009, they are improper, since the deposition notices are untimely. As to those subpoenas issued in conjunction with the third-party witness depositions that will be permitted, it is not disputed that document request numbers 1 through 4 seek documents that have been the subject of document requests issued from the Plaintiff to the Defendants in this litigation. Based on the record before me, it appears that the

---

[1] This prohibition would include the continuation of the deposition of Ms. Smith, to the extent the discovery sought seeks information pertaining to "expert" issues. Plaintiff in its Response identifies an "additional Special Master issue", involving the completion of her deposition, but it is unclear what additional discovery is sought from Ms. Smith. Given that no concerted effort was made to conclude her deposition until recently, if it is necessary to complete her deposition for reasons unrelated to her rebuttal expert designation, it can occur no later than July 15, 2009.

[2] With respect to those rebuttal experts who were designated in accordance with Fed. R. Civ. P. 26(a)(2), I understand that the parties have agreed that these depositions should be concluded after the discovery deadline, but before July 28, 2009 (Exhibit 1 to Plaintiff's Response), since the deadlines for their reports were extended beyond June 29, 2009. The parties should submit a stipulated motion to extend discovery to that effect, for approval by the Special Master.

requested documents have already been produced by the Defendants in this case. The Plaintiff has not made a showing that the information requested in document request numbers 1 through 4 seeks information that the Defendants have not already produced, and absent such a showing Plaintiff should not be permitted to burden the non-parties with these requests. *Haworth, Inc. v Herman Miller, Inc.* 998 F.2d 975, 978 (Fed. Cir. 1993).

In addition, it appears from the record that document requests numbers 1 through 3 and 6 through 7 are both overly broad and unduly burdensome, given the non-party status of the companies from which the discovery is sought. For example, based on the definition of "Network" in the subpoenas duces tecum, numbers 6 and 7 appear to require that the non-party produce forensic copies of each non-party's workstations and server computers, along with detailed information of the third-party's technical environment. With respect to discovery issued to non-parties, a party seeking discovery must satisfy a burden of proof heavier than the ordinary burden imposed by Rule 26 relating to discovery on any matter relevant to the subject matter involved in the pending action. *Echostar Communications Corp. v News Cor.p Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998). When, as here, discovery identified in the subpoena duces tecum is sought from non-parties, the status of a person as a non-party is a factor of which weighs against disclosure. Given the short period of time in which third-parties have to respond to such subpoenas, particularly when compared to parties to litigation, this level of discovery is not appropriate. I find that document request number 4 is not overly broad or unduly burdensome, since it appears to be limited to materials relating to the Defendants' summit annual user conferences. However, as noted above, there is no showing by Plaintiff that such documents have not already been provided. I find that document request number 5 in the subpoenas, which requests all documents relating to interactions of the non-parties with Mr. Parmet, a retained

expert of the Defendants, is reasonable and should be produced in conjunction with the depositions permitted in this order.

Accordingly, it is hereby ORDERED that the Motion for Protective Order is GRANTED to the extent that the Plaintiff is precluded from (a) taking the depositions of Community EMS, Superior, and East Texas Medical Center after the discovery deadline, and specifically on the dates Plaintiff has noticed those depositions, (b) taking the depositions of any "non-retained" experts as identified in the Defendants' Rebuttal Expert Witness Disclosures of June 29, 2009, (c) demanding the documents contained in requests number 1 through 4 and 6 through 7 from third-parties Alert Ambulance and Armstrong Ambulance, which subpoenas are quashed to the extent of such requests, (d) demanding any documents from non-parties Community EMS, Superior, and East Texas Medical Center after the close of discovery via the aforementioned subpoenas duces tecum, which subpoenas duces tecum issued to such parties are hereby quashed.

Defendants' Motion for Protective Order is DENIED with respect to the deposition of Mr. Brooks, which deposition the parties are ordered to complete, along with the deposition of Jack Travato or another appropriate representative of Alert Ambulance if Mr. Travato is not available due to his health condition, no later than August 1, 2009.

Dated this 14th day of July, 2009

**BY THE SPECIAL MASTER:**

/s/ Kevin D. Allen
Kevin D. Allen