**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Civil Action No. 08-cv-00867-MSK-KLM

MEDCORP, INC., an Ohio corporation,
    Plaintiff,

v.

PINPOINT TECHNOLOGIES, INC., a Delaware corporation, and
ZOLL DATA SYSTEMS, INC., a Delaware corporation
    Defendants

---

**ORDER DENYING MEDCORP'S MOTION AND MEMORANDUM TO DE-DESIGNATE DEFENDANTS' DOCUMENTS IMPROPERLY DESIGNATED AS CONFIDENTIAL**

---

This matter comes before the Special Master on Plaintiff Medcorp's Motion and Memorandum to De-Designate Defendants' Documents Improperly Designated as Confidential (Docket No. 116) ("Motion to De-Designate") filed by Medcorp on July 15, 2009. Pursuant to the Minute Order of Magistrate Judge Kristen L. Mix entered on July 16, 2009 (Docket No. 119), the Special Master is authorized to enter this order.

Based on the arguments raised in the Motion to De-Designate, Zoll's Response to Medcorp's Motion to De-Designate (Docket No. 157), and Plaintiff Medcorp's Reply to Defendants Response (Docket No. 174), the Special Master denies the Motion to De-Designate, as set forth below.

**I.    Background**

In the Motion to De-Designate, Medcorp points to the Order entered by Magistrate Judge Mix on May 15, 2009 (Docket No. 94). This Order required that Plaintiff's counsel select 250 documents that he believed had been improperly marked as Confidential by the Defendants and

bring those documents to the attention of Defendants' counsel in writing. Defendants' counsel then was to determine, by May 29, 2009, whether these documents had been improperly marked as Confidential under the Stipulated Protective Order (Document No. 28), and report back to Plaintiff's counsel in writing. If defense counsel were to change the designation as to confidentiality of more than 50 percent of the selected documents, defense counsel was then to conduct an independent review of the remainder of the documents produced by the Defendants to determine if they had been properly marked as Confidential. If defense counsel changed the designation of less than 50 percent of the selected documents, no further review of designations was to be made, and the parties were to treat all documents designated as confidential in accordance with the Protective Order, subject to further review of the Court or Special Discovery Master.

On May 22, 2009, Medcorp provided 250 pages of material to Zoll's counsel for its review. A disagreement ensued as to whether or not Medcorp, in providing 250 pages of documents, had in fact provided 250 documents. Notwithstanding, Defendants responded on May 29, 2009, explaining that each of the documents contained in the 250 pages provided by Medcorp contained confidential technical, business or financial information that was not generally known and that Defendants would not normally reveal to third parties, or would cause third parties to maintain in confidence. (Docket No. 116, Exhibit 9). Medcorp did not respond to Defendants' letter pertaining to its review of the documents until June 30, 2009. (Docket No. 157, Exhibit B). In this letter, Medcorp stated that it believed it had complied with the Court's Order with respect of the submission of the 250 documents, and stated that a reasonable interpretation of the Court's instruction did not require that Medcorp identify 250 documents that could result in thousands of pages. (Docket No. 157, Exhibit B). In this letter, Medcorp also

asserted that it had satisfied its obligation with the "first set" of 250 documents and intended to "move forward" on this issue. With the June 30, 2009 letter, Medcorp submitted an additional 225 "documents", as Medcorp believed Defendants defined "documents", for Defendants' review. With respect to the second set of documents submitted with the June 30, 2009 letter that Medcorp wished to challenge, the record does not reflect any response by Defendants prior to the filing of the Motion to De-Designate on July 15, 2009.

In the Motion to De-Designate, Medcorp requests that Zoll re-designate any documents that should actually be entitled to protection. Although the Motion to De-Designate is not entirely clear, this request is presumably directed at all of the documents produced in this matter to date by the Defendants that were designated as Confidential. In the prayer contained in the Conclusion of its Motion to De-Designate, Medcorp does not specifically reference any particular document which Medcorp wishes to be de-designated. In Defendants' Response to Medcorp's Motion to De-Designate, they request that the Special Master deny Medcorp's Motion to De-Designate on the basis that the confidentiality designations were proper, and that Medcorp suffered no prejudice.

**II.    Analysis**

    **A.    The Stipulated Protective Order:**

The parties in this action are operating under the provisions of the Stipulated Protective Order (Document No. 28) ("Protective Order"). In the Protective Order, it is specified that the parties shall have the right to designate as "Confidential" and subject to the Protective Order any information or Discovery Material produced by a party that the party believes, in good faith, contains confidential technical, business, financial or personal information that is not generally known and that the party would not normally reveal to third parties or would cause third parties

to maintain in confidence.  The parties also are provided the right to designate materials as "Highly Confidential—Outside Attorneys Eyes Only" ("Highly Confidential") which a party believes, in good faith, comprises such particularly sensitive information that its disclosure should be further limited as set forth in the Protective Order.  Examples of this information would be trade secrets, or stategic direction of the party's business.  The subject of Medcorp's Motion is Confidential, not Highly Confidential, designated information.  By the definitions contained in the Protective Order, a much lower bar exists for a party, in good faith, to designate information as Confidential.

Under the Protective Order, there are distinctions created between those persons with whom Confidential information can be shared, and those with whom Highly Confidential information can be shared.  The basic premise of the restrictions on the use of Confidential information is that it can be fairly broadly circulated to employees and former employees of the parties, and other individuals for use in connection with the litigation.

With respect to challenges to the designation of Confidentiality, the Protective Order does not preclude any party from applying to the Court for an order permitting the disclosure or use of any information or discovery material otherwise prohibited by the Protective Order or applying for an order modifying the Protective Order in any respect.  (Docket No. 28, paragraph 19).  No motion has been filed in this action applying for an order modifying the Stipulated Protective Order.  A question left unanswered by the Protective Order is how it may apply to communications between the parties to the litigation.  For example, correspondence or e-mails that the Plaintiff may have sent to the Defendant prior to the litigation may be marked as Confidential by the Defendant when produced in discovery, while the copy contained in the Plaintiff's files may not be marked as Confidential or treated as such by the Plaintiff.  While the

4

Protective Order allows counsel for party to disclose a document to any author or recipient, notwithstanding any Confidential designation (Docket No. 28, paragraph 16), it does not in its present form easily answer the question of whether the Plaintiff can treat its copy file as if not designated Confidential under the Protective Order. In addition, the Protective Order does not apply to information that, prior to discovery, is public information or knowledge. However, the Protective Order does not provide an express mechanism to determine whether a particular document may be in the public domain or not.

### B.    The Magistrate Judge's Hearing of May 15, 2009:

At the hearing held by Magistrate Judge Mix on May 15, 2009, which gave rise to the Order at issue in Medcorp's Motion to De-Designate, Magistrate Judge Mix asked the Plaintiff whether there was some prejudice or harm from its contention that the Defendant had grossly exaggerated the number of documents that should be marked Confidential. (Docket 157, Exhibit A, page 5). Implicit in the Protective Order is some necessity by the party seeking an order under paragraph 19 to show prejudice, in that the party seeking such an order does so to permit the "disclosure or use of the information . . . otherwise prohibited" that the party wishes to make. (Docket No. 28, paragraph 19).

In response to Magistrate Judge Mix's question at the May 15, 2009 hearing, Plaintiff's counsel did not specify any particular use or disclosure of such documents which Plaintiff wished to make that was currently prohibited. Rather, counsel indicated, generally, that an over-designation exposed the Plaintiff to contractual liability if disclosure was made. (Docket No. 157, Exhibit A, pages 5, 7, 18, 22). Whatever contractual obligations are implied by the Stipulated Protective Order, the potential for violating it in the event of a failure to comply is not a basis to de-designate documents. The Protective Order was agreed to by the parties and

entered as an Order, and the parties are required to comply with its terms, subject to their ability to seek its amendment.

### C.   Arguments Raised in the Motion, Response and Reply:

In its motion, Medcorp asserts that Defendants abused the Confidential designation because a substantial amount of pages contained in Defendants' document production did not fall within the designation. Based on that assertion, Medcorp requests that the Court compel the Defendant to review and re-designate documents in its document production. I do not find, based on the record, that the Defendants abused the Confidential designation, as it is defined in the Protective Order. Nor do I find that Magistrate Judge Mix's Order of May 15, 2009 permits a wholesale requirement that the Defendants re-designate documents produced in this action, once the Defendants complied with their review requirements by May 29, 2009. The Protective Order contains a broad definition of those materials that a party is allowed to designate as Confidential. The designations of the Defendants constitute less than 50 percent of the documents produced to date. The Defendants complied with the Order of May 15, 2009 by responding to Plaintiff's counsel's submission of documents which they believed had been improperly designated as "Confidential". Once defense counsel, in its review, elected to change the designation of less than 50 percent of the selected documents, no further review of the designation was to be made, in accordance with the Order.

At this juncture, it is certainly permissable for Medcorp to request, on a document by document basis, that a Confidential designation be lifted. In such an event, Medcorp should identify the disclosure or use of the information that it wishes to make. However, at this time no specific de-designation request with regard to materials covered by the Protective Order is before me.

In the alternative, either party is permitted to apply for an order modifying the Protective Order. To the extent that Medcorp is concerned that under the current Protective Order, it is not permitted to disclose communications between it and the Defendants that are contained in its own files on the basis that such documents have been designated as Confidential by the Defendants, I share Plaintiff's concern.[1] While the Protective Order lends itself to that interpretation, that does not appear to me to be a fair result, particularly with respect to those documents in a party's files that may have already been made public or otherwise circulated. I also do not agree with the Defendants that the language of the Software Agreements at issue regarding confidentiality can be read so broadly as to vindicate the designation of Confidential to such documents. However, such a concern is more adequately addressed in a motion seeking a modification of the Stipulated Protective Order, if Medcorp and Defendants cannot agree as to a proposed modification, or as to whether a particular disclosure will be permitted. I strongly encourage the parties to reach agreement.

Medcorp also argues that Defendants have waived any confidential protection to the second set of 823 documents submitted on June 30, 2009. It is apparent that Plaintiff believes that it fully complied with Magistrate Judge Mix's Order in submitting 250 documents to the Defendants on May 22, 2009, as expressed in Plaintiff's counsel's letter of June 30, 2009. (Docket No. 157, Exhibit B). Whether or not Medcorp is correct, it is undisputed that the Defendants responded to that submission in accordance with the May 15, 2009 Order, by reporting back to Plaintiff's counsel in writing with respect to any changes in the designation of the documents. (Docket No. 116, Exhibit 9). There is nothing in the May 15, 2009 Order which permitted the Plaintiff to then submit a second set of documents at the end of June. The

---

[1] To the extent Medcorp simply wishes to disclose information designated as Confidential to any author or recipient of the document, it is of course already permitted to do so (Docket No. 28, paragraph 16).

Defendants did not waive the Confidential designation by failing to respond to a request that was not contemplated by the May 15, 2009 Order. With regard to any claim that Medcorp may have that any specific document contained in the second set submitted to the Defendants on June 30, 2009, should be de-designated, paragraph 19 of the Stipulated Protective Order would also apply. However, as noted above, in its Motion to De-Designate, Medcorp only requests more generally that Defendants re-designate all documents that should actually be entitled to Confidential protection, as opposed to directing me to specific documents. Hence, Medcorp's request will be denied.

With respect to the cases cited in the Medcorp's Motion, the Response, and Reply, I find that none of them are particularly applicable to the circumstances here, which arise out of the specific Order by Magistrate Judge Mix on May 15, 2009. For instance, *THK America, Inc. v NSK Corporation*, 157 F.R.D. 637 (N.D. Ill 1983) involved a Motion to De-Designate an over-designation of documents as Attorneys Eyes Only by a party that had already received in the litigation relevant trade secrets and other confidential research, development and promotional information from the other side in the case. In *Paradigm Alliance, Inc. v Celeritas Technologies, LLC,* 238 F.R.D. 598 (D. Kan. 2008), the Court addressed only the issue of the over-designation of materials as "Confidential—Attorneys Eyes Only". The Court's ruling in that case was based on the large volume of documents inappropriately designated as attorney eyes only, not at issue in this case. Similarly, *Giddy Up LLC v Prism Graphics, Inc., et al*, No. 3:06-CV-0948-B 2007 Westlaw 2460606 (N.D. Texas August 29, 2007), also dealt with the issue of whether documents designated as Attorneys Eyes Only should be reclassified as confidential. The Court did note in *Giddy Up* that implicit in the Stipulated Protective Order was the obligation of a party challenging a designation to identify the specific documents at issue. Here, the Stipulated

8

Protective Order, read in conjunction with Judge Mix's Order of May 15, 2009, requires the same approach. Finally, the case *In re Ullico, Inc Litigation*, 237 F.R.D. 314 (D.D.C. 2006), is inapplicable to the facts here. There, the Court found that Plaintiff Ullico had violated the good faith requirement contained in a Protective Order pertaining to the designation of Confidential documents. Plaintiff had designated over 99 percent of the roughly 60,000 documents produced as Confidential which is not the case here. Moreover, the documents labeled as Confidential exceeded the two categories listed in the Protective Order. The Protective Order in that case arguably contained a narrower definition of information that could be designated as Confidential, than does the Protective Order here. As noted above, I do not find, based on the record and the terms of the Protective Order that the designations of the Defendants were in bad faith.

I have considered the other arguments of Medcorp contained in its Motion to De-Designate and its Reply, and find that they are without sufficient merit to alter my ruling, given the broad relief requested by Medcorp.

Accordingly, Medcorp's Motion and Memorandum to De-Designate Defendants' Documents Improperly Designated as Confidential is DENIED, without prejudice to its right to challenge the Confidential designation of specific documents pursuant to the provisions of paragraph 19 of the Stipulated Protective Order, or to apply for an Order modifying the Stipulated Protective Order.

Dated this 23rd day of October, 2009

**BY THE SPECIAL MASTER:**

/s/ Kevin D. Allen
Kevin D. Allen