# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 08-cv-00867-MSK-KLM

MEDCORP, INC., an Ohio corporation,
    Plaintiff,

v.

PINPOINT TECHNOLOGIES, INC., a Delaware corporation, and
ZOLL DATA SYSTEMS, INC., a Delaware corporation
    Defendants

## ORDER REGARDING DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS

**ENTERED BY SPECIAL MASTER KEVIN D. ALLEN**

This matter comes before the Special Master on **Defendants' Motion For Discovery Sanctions** and exhibits related to that motion (Docket Nos. 154 and 161) ("Motion for Sanctions"). A hearing on the Motion for Sanctions was held at the offices of the Special Master, Allen & Vellone, P.C., on December 16, 2009. As a result of the briefing on the Motion for Sanctions, and the arguments raised at the hearing, I entered an Order on December 18, 2009 (Docket No. 231) in which I requested that the parties provide additional legal authority, and that the Plaintiff provide certain factual information in the form of affidavits, as further described in the Order. As I suggested in the December 18, 2009 Order, based on the information to be provided, I would determine whether a ruling on the Motion for Sanctions would be forthcoming or any additional briefing or hearings, including the taking of evidence, would be necessary.

Certain affidavits were provided by the Plaintiff in accordance with the December 18, 2009 Order. Based on those Affidavits, I conducted a follow-up conference call with the parties

on December 31, 2009 to determine what further interim steps, if any, might assist the parties in resolving as many issues as possible in advance of a ruling on the Motion for Sanctions.

As a result of the briefing of the Motion for Sanctions, the arguments raised at the hearing on December 16, 2009, the affidavits submitted by the Plaintiff subsequent to the hearing, and the discussions with counsel on December 31, 2009, the Special Master finds as follows:

1. On December 31, 2008, Zoll sought inspection and copying of Medcorp's hardware through Request for Inspection No. 9. In this request, Zoll requested entry onto Medcorp's premises for the purposes of inspection and forensic copying of the following: a) all servers on which Zoll's software and/or database now reside or have previously resided; b) personal computers that Medcorp now uses or has previously used to operate Zoll's software; and c) components of Medcorp's network over which Zoll's software was or is conveyed.

2. The affidavits of Jeff Jacobs and Matt Moenter submitted by Medcorp subsequent to the December 16, 2009 hearing establish, *inter alia*, that: a) as of April 2008, Medcorp utilized approximately 85 workstations on which Zoll software functioned; b) between April 2008 and April 2009, approximately 20 to 23 workstations were removed from use, of which 15 to 17 had been used to run Zoll software; c) of those 20 to 23 workstations, approximately 8 of the hard drives were destroyed, ostensibly because they were corrupted to a degree that they were not usable or readable, and 14 of the hard drives continue to be stored at Medcorp and can be mirror imaged. Until the hearing on December 16, 2009, and the affidavits subsequently filed by the Plaintiff, Zoll's counsel was not aware of the

existence of the hard drives removed from the discarded workstations. It is apparent that at least some (and perhaps all) of these 14 hard drives utilized Zoll billing or dispatch software prior to April 2008, and possibly prior to April 2007.

3. Magistrate Judge Kristen Mix conducted a hearing on February 12, 2009, in which she granted Zoll access to Medcorp's computer system pursuant to its request for entry onto premises for purposes of inspection and copying. Magistrate Judge Mix also required that the parties enter into a discovery protocol, which led to the Joint Proposed Discovery Order (Docket No. 76) which was adopted in her Minute Order of March 16, 2009 (Docket No. 77). The Joint Proposed Discovery Order, and Magistrate Judge Mix's Minute Order, would have logically included those workstation computers that Medcorp previously used to operate Zoll's software, since their inspection had been requested by Zoll, and the inspection was within the scope of permissible discovery in relation to the claims and defenses in the case.

Accordingly, it is hereby ORDERED that:

1. The Defendants shall be entitled to inspect and copy, and Medcorp shall make available for forensic imaging, either by a full mirror imaging or script image as required by the Defendants, the 14 hard drives contained in the workstations previously disposed of by the Plaintiffs after April 2008.

2. The parties shall arrange schedules such that the forensic copy image ("forensic copy") shall be obtained no later than January 31, 2010. Zoll's forensic copier shall use due care not to be disruptive of Medcorp's operations. Immediately upon completing the forensic copy, Zoll's forensic copier shall make a duplicate

      copy and provide to the Plaintiff the original forensic copy. This shall be provided no later than February 1, 2010.

3. The Plaintiff shall have through February 15, 2010 to assert privilege and submit a privilege log to Defendants in accordance with Fed.R.Civ.P. 26(b)(5)(A), regarding data contained on the forensic copy. The parties do not know at this time the actual volume or scope of the reviewable data that will reside on the forensic copy, and, in the event that attorney/client information may inadvertently be provided to the Defendants as a result of any claimed inadequacy in the amount of time necessary to review this data, the Defendants are instructed to cooperate fully in identifying such inadvertently disclosed information and to comply with all ethical standards in notifying Plaintiffs of such disclosures and in refraining from the use of such information, as further outlined in Colorado Bar Association's Ethics Opinion 108, and any other applicable ethical standards.

4. Defendants shall have until February 22, 2010 to review such privilege log and to bring any disputes regarding such assertions of privilege and redaction to the attention of the Court.

5. Prior to the transmittal of a privilege log to the Defendants, the Defendants are instructed not to review any of the contents of the forensic copy, until transmittal of the privilege log. Defendants shall further not access any data over which privilege has been asserted and which has been identified in Plaintiff's privilege log or permit access to the data by Defendants' experts, until such time as any disputes regarding the privilege log are resolved.

6. The Defendants shall have through February 28, 2010 in which to supplement the rebuttal report of Jeff Parmet previously prepared by the Defendants with any additional conclusions regarding (a) the technical environment in which Medcorp's workstations operated previously, (b) whether Medcorp's computers met the Defendants minimum system configurations, and (c) any other relevant opinions reached from review of the forensic copy.  This Rebuttal Report shall be immediately provided to the Plaintiff upon completion.

7. The parties shall have until March 10, 2010 in which to file a single supplemental brief in support of their respective positions with regard to the Motion for Sanctions, at which time I will determine whether a ruling on the Motion for Sanctions shall be forthcoming or any additional hearing will be necessary.

8. At this time, the parties shall bear their own costs with respect to the forensic copy review ordered herein.  This ruling is without prejudice to the Motion for Sanctions or any of the defenses raised to the Motion for Sanctions.  An order upon the Motion for Sanctions shall be held in abeyance until the filing of the supplemental briefs outlined herein.

Dated this 5th day of January, 2010

**BY THE SPECIAL MASTER:**

/s/ Kevin D. Allen
Kevin D. Allen