UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 08-cv-00867-MSK-KLM

MEDCORP, INC., an Ohio corporation,
    Plaintiff,

v.

PINPOINT TECHNOLOGIES, INC., a Delaware corporation, and
ZOLL DATA SYSTEMS, INC., a Delaware corporation
    Defendants

## SUPPLEMENTAL ORDER BY SPECIAL MASTER

This matter comes before the Special Master on Plaintiff **Medcorp's Unopposed Motion to Seal** (Docket No. 250) ("Motion to Seal"). I entered an order on April 12, 2010 Granting in part and Denying in part the Motion to Seal as it related to six exhibits attached to Medcorp's Supplemental Brief in Opposition to Zoll's Motion for Sanctions (Docket No. 248; unredacted version filed under seal as Docket No. 251) ("Supplemental Brief"). Certain excerpts from those exhibits were referenced in Medcorp's Supplemental Brief, and were redacted from the brief (Docket No. 248). Accordingly, this Supplemental Order shall address the Motion to Seal pertaining to Medcorp's redacted Supplemental Brief.

As has been pointed out in prior orders pertaining to motions to seal filed by the parties, under D.C.Colo.LCivR 7.2(b) (1-4) and the Stipulated Protective Order (Docket No. 28) entered in this case, the requirements of subsections 1 through 4 must, at a minimum, be met in order for any paper or documents to be sealed. With respect to the redactions contained in Medcorp's Supplemental Brief, the requirements of D.C.Colo.LCivR 7.2(b) have not been met. As to Exhibits 1 and 4 attached to Medcorp's Supplemental Brief, the private interest of third party

deponents outweighed the qualified right or presumption of public access. These deposition transcripts had been designated "Highly Confidential". However, such a designation does not apply with the same force when excerpts are included in the content of briefs upon which an order may be based. The public, in reviewing the Order Granting in Part and Denying in Part Defendants' Motion for Discovery Sanctions (Docket No. 256) has the right to have a full understanding of the basis of the order, and that would require that the public have access to the unredacted briefs which I had the opportunity to review in advance of entering the order. In addition, I find that none of the excerpts of the deposition transcripts pertaining to the East Texas Medical Center or Superior Ambulance representatives (Exhibits 1 and 4 to Medcorp's Supplemental Brief) cited in the Supplemental Brief are particularly descriptive of either third party's computer operations. Hence, the redactions contained in Medcorp's Supplemental Brief are not of such a confidential nature that there is a basis to seal them.

Accordingly, it is hereby ordered that the Motion to Seal is DENIED with respect to the redactions contained in Medcorp's Supplemental Brief in Opposition to Zoll's Motion for Sanctions, and that the unredacted Supplemental Brief filed by Medcorp (Docket No. 251) shall be unsealed. Nothing herein alters any of the rulings contained in my prior order on the Motion to Seal (Docket No. 258).

Given my prior ruling, which sealed Exhibits 1 and 4 to the Supplemental Brief, this ruling will be stayed until April 26, 2010 to allow either party to renew the Motion to Seal with greater specificity as to why the information unsealed in this order should be sealed under D.C.Colo.LCivR 7.2(b)(1-4). If no such renewed motion is filed, the Clerk of the Court shall lift the seal on the unredacted Supplemental Brief.

Dated this 14th day of April, 2010

                                    **BY THE SPECIAL MASTER:**

                                    /s/ Kevin D. Allen
                                    Kevin D. Allen