UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 08-cv-00867-MSK-KLM

MEDCORP, INC., an Ohio corporation,
    Plaintiff,

v.

PINPOINT TECHNOLOGIES, INC., a Delaware corporation, and
ZOLL DATA SYSTEMS, INC., a Delaware corporation
    Defendants

---

# ORDER GRANTING IN PART DEFENDANTS' APPLICATION FOR ATTORNEYS' FEES

---

**ENTERED BY SPECIAL MASTER KEVIN D. ALLEN**

This matter is before the Special Master on Defendants' **Application for Attorneys' Fees and Costs pursuant to Special Master Order (DKT 256)** (the "Application"). Pursuant to the Minute Order entered by Magistrate Judge Kristen L. Mix on May 18, 2010 (Docket No. 275), the Special Master is authorized to enter this Order.

Based on the arguments raised in the Application, Plaintiff's Opposition to Application for Attorneys' Fees (Docket No. 268) ("Plaintiff's Opposition"), and Zoll's Reply in Support of Zoll's Application for Attorneys' Fees and Costs pursuant to Special Master Order (Docket No. 256) ("Zoll's Reply"), and all attachments submitted therewith, I grant, in part, the amounts requested in the Application as set forth below.

    **I.    BACKGROUND**

On April 2, 2010, I entered an order (the "Order") granting in part and denying in part Defendants' Motion for Discovery Sanctions (Docket No. 256) ("Motion for Sanctions"). In the Order, I granted Defendants' (hereinafter "Zoll") request for an award of reasonable attorneys'

fees and costs, including expert costs, "specifically incurred in conjunction with the prosecution of the Motion for Sanctions . . . to the extent of one half of the reasonable fees and costs incurred." I further denied Defendants request for compensation for attorneys' fees, forensic imaging costs, travel costs and other expenses associated with either the extraction of information from desktop computers at Medcorp during 2009, or with the extraction of information from the hard drives produced subsequent to the filing of the Motion for Discovery Sanctions.

On April 16, 2010, Zoll submitted its Application for fees and costs pursuant to the Order. In so doing, Zoll's counsel, Faegre and Benson LLP ("Faegre and Benson"), identified the number of hours its attorneys and paralegals spent in conjunction with the Motion for Sanctions, multiplied those hours by an agreed to contractual flat rate that had been negotiated between the firm and Zoll's insurance carrier, and added associated costs, including expert costs. It then divided those fees and costs in half in order to determine its claimed entitlement in its application. This amount was calculated to be $69,979.05.

Medcorp, in its Opposition, challenged the reasonableness of the fees and costs for which Zoll sought reimbursement, both with respect to the hourly rate that was charged for various attorneys, and as to the hours spent on various tasks in conjunction with the Motion for Sanctions. In addition, Medcorp objected to the time entries utilized by Zoll's expert to determine the amounts attributable to the expert costs requested.

In its Reply, Zoll agreed to reduce its fee request by 34.5 hours, which reduced the overall amount sought by $4,838.99. Zoll's total request in its Application is now $65,138.06.

## II. ANALYSIS OF COMPONENT PARTS OF APPLICATION

I have broken down the fee and cost requests into the following categories and will analyze each of them separately.

**A. The Hours Spent by Faegre and Benson in prosecuting the Motion for Sanctions:**

Zoll bears the burden of demonstrating that the fees and costs are reasonably related to the Motion for Sanctions giving rise to the Order at issue. The appropriate starting point for the calculation of attorneys' fees is a loadstar calculation, which is arrived at by multiplying the number of attorneys hours reasonably expended with a reasonable hourly rate. *Center for Biodiversity v. US Fish and Wildlife Service*, 2010 WL1409434 (D. Colo. April 1, 2010). After examining the specific tasks and whether they are properly chargeable, a Court should look at the hours expended on each task to determine if they are reasonable.[1] I apply the factors set forth in *Center for Biodiversity* in the analysis here.

I agree with Faegre and Benson that the 34.5 attorney hours identified in its Reply (at pages 3-4) should be removed from the request, because Zoll fails to establish that those hours were reasonable and necessary for the prosecution of the Motion for Sanctions. In addition, I find that the remainder of the time entry of October 1, 2009 for Katie Schwab, in the amount of 7.2 hours, pertaining to the review and reorganization the Motion for Sanctions, is not reasonable given the fact that Ms. Sooter spent 12 hours in the days immediately prior to October 1st and Ms. Harlow spent approximately 12 hours (also on October 1st), drafting and revising the Motion

---

[1] In determining reasonableness of hours expended, various factors should be examined: (1) whether the tasks being billed would normally be billed to a paying client, (2) the numbers of hours spent on each task, (3) the number of reasonable strategies pursued, (4) the responses necessitated by the maneuvering of the other side, and (5) potential duplication of services by multiple lawyers. *Center for Biological Diversity, supra*, 2010 WL1409434, at *6; *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983).

3

for Sanctions. This raises the issue of the potential of duplication of services by multiple lawyers.

I find that the remaining number of hours spent by Zoll's counsel drafting the opening brief are reasonable. I also find that the number of hours spent by Zoll's counsel in drafting the Reply and in connection with the supplemental brief after the December 16, 2009 hearing are reasonable, given the complexity of the factual issues involved in the case, the relationship of the underlying facts to the opinions of information technology experts, the necessity of incorporating new data into expert opinions and briefing, the relevance of the Motion for Sanctions to the presentation of the evidence at trial and the scope of my requests for additional briefing.

I do find, however, that the number of hours Zoll's counsel claim in relation to the hearing of December 16, 2009 with the Special Master are somewhat excessive. The parties agree that Faegre and Benson attorneys spent approximately sixty hours in preparation for and participating in the hearing of December 16, 2009 on the Motion for Sanctions. In support of its claim, Zoll cites to the fact that on December 12, 2009, I posed 10 detailed questions to the parties and requested that the parties be prepared to address them at the hearing. The intent of my questions was to focus the parties' attention on certain issues and to hopefully simplify the presentations, rather than to make the presentations more diffuse in scope. Given the stakes involved in the hearing, I certainly expected – and received – a thorough and detailed presentation by Zoll's counsel. However, I find that the expenditure of thirty-six hours would have been sufficient and reasonable to prepare for, travel to, and present arguments at the December 16, 2009 hearing, which lasted approximately 2 ½ hours. For example, the work performed by Mr. Schuenemann on December 14, 2009, and Ms. Harlow on both December 15 and December 16, appears to duplicate that done in preparation for the hearing by Mr. Sawtelle

4

and Ms. Sooter, who both appeared at the hearing. Much of the duplicative work appeared to involve research on matters already contained in the previously filed briefs, which were otherwise reviewed by Ms. Sooter in her preparation for the hearing. In order to adequately prepare for the hearing and any further inquiries that I might have made at the hearing, I find that approximately thirty hours of preparation time, in total, would be reasonable. Thus, twenty-four hours of attorney time should be deducted from the approximately sixty hours of total attorney time requested by Zoll that was devoted to the hearing.[2]

    **B.  The Hourly Rates of Faegre and Benson:**

The fee request with respect to the hourly rates is somewhat unusual in this case, given the fact that Faegre and Benson is representing Zoll principally on a flat rate fee for all attorneys,[3] rather than the more customary differentiated rates for partners and associates. The flat rate schedule is the product of a negotiated agreement with the Defendants' insurance carrier. The normal billing rates charged by Faegre and Benson and the various associates who worked on this matter are reasonable given the rates typically charged by similarly situated partners and associates in the Denver Metropolitan area. (See Zoll's Reply, Exhibit D). Had Faegre and Benson charged those hourly rates, it would have charged more for this matter than it did based on the flat rate fees that were charged. Hence, I find the schedule of hourly rates utilized by Faegre and Benson in billing arrangements on this particular case to be reasonable, and no reduction of attorneys' fees shall be imposed with respect to these billing rates.

---

[2] This represents a total reduction of 65.7 hours, including the 34.5 hours already agreed to by Zoll. The additional 31.2 hours of reductions required by my order, at $300.00 per hour, adds $9,360.00 to the $9,675.98 suggested by Zoll, which is then to be divided in half.

[3] The flat rate fee appears to be $300 per hour for all attorneys, except that certain tasks performed by Mr. Sawtelle, lead counsel for Zoll, appear to have been billed as $385.01 per hour, and certain tasks performed by Ms. Sooter appear to have been billed at $288.95 per hour.

C.    **The Costs Incurred by Defendants in Conjunction with the Prosecution of the Motion for Sanctions:**

Zoll also requests one half of $3,366.88 for costs incurred in conjunction with the prosecution of the Motion for Sanctions. (Defendants Application, Exhibit A-3). I note that Medcorp raises no objections to this request in its response. I find that the costs incurred are reasonable under the circumstances, except the entry on December 16, 2009 pertaining to Natalie Hanlon-Leh, a Faegre and Benson attorney who appears to have had no involvement with this matter. This charge for internal copying and printing, in the amount of $24.50, will be deducted from the cost request.

D.    **The Fees for Parmet and Associates:**

As noted above, in my Order I denied Zoll's request for compensation for attorneys' fees, forensic imaging costs, travel costs and other expense associated with the extraction of information from desktop computers at Medcorp during calendar year 2009, or with the extraction of information from hard drives produced subsequent to the filing of the Motion for Sanctions. This would include any expert costs or expenses, except those specifically incurred in the prosecution of the Motion for Sanctions. In my Order Regarding Defendants' Motion for Sanctions (Docket No. 235) entered on January 5, 2010 ("Preliminary Order"), I required that Medcorp make available for forensic imaging, either by full mirror or script imaging, the fourteen hard drives contained in work stations previously removed from use by the Plaintiffs after April 2008 which still existed. In the Preliminary Order, I also provided Zoll through February 28, 2010 in which to supplement the rebuttal report of Jeff Parmet with additional conclusions regarding (a) the technical environment in which the Medcorp work stations operated previously, (b) whether Medcorp's computers met the Defendants' minimum systems

6

configurations, (c) and any other relevant opinions reached from review of the forensic copy. The purpose behind the supplementation was principally to allow Zoll, through its expert, to flesh out additional issues regarding liability after reviewing hard drives not previously made available to it.

As conceded by Zoll, no fees charged by Mr. Parmet in relation to forensic imaging of desktop computers at Medcorp after January 5, 2010 constitute expert costs specifically incurred in conjunction with the prosecution of the Motion for Sanctions. It appears that Zoll contends that all of the costs of incorporating the findings of Mr. Parmet, based on the additional forensic imaging, into the supplemental report should be recoverable. I disagree. Based on my review of the supplemental report submitted by Mr. Parmet, much of the new information he developed would have presumably been a part of an earlier rebuttal report had the hard drives made available in January been reviewed previously. This additional review simply permitted him to add substance to conclusions which Zoll believes are probative at trial. Hence, his ability to update the rebuttal report with this additional information, while perhaps occurring as a result of the filing of the Motion for Sanctions, is no more "specifically incurred" in conjunction with the Motion for Sanctions than was the information contained in the original rebuttal report.

With respect to the itemization of the costs incurred by Mr. Parmet in conjunction with the Motion for Sanctions, the initial entry of November 13, 2009, regarding time incurred in preparing an affidavit in support of the Motion for Sanctions, is awardable. This value of this time is $592.50. Based on the content of his supplemental report, and its usefulness in allowing me to determine appropriate sanctions, I find that an additional $10,161.00 (approximately 40% of the value of the remaining entries) is likely supportive of the arguments made in prosecuting

the Motion for Sanctions, as opposed to simply buttressing existing substantive arguments at trial. (See Application, Exhibit B).

Based on my findings above, the reasonable attorneys' fees and costs incurred in conjunction with the prosecution of the Motion for Sanctions, in total, are as follows:

| | | | |
|---|---|---|---|
| a. | Attorneys Fees | $91,254.24 | (Zoll's original request, reduced by $19,035.98) |
| b. | Legal Costs | $ 3,642.38 | |
| c. | Expert Expenses | $10,753.50 | (the November 13th entry of $592.50, plus $10,116.00 referenced above) |
| Total | | $105,650.12 | |

Accordingly, it is hereby ORDERED that Zoll is awarded, in conjunction with its Motion for Sanctions, a total of $52,825.06, consisting of reasonable attorneys' fees in the amount of $45,627.12, legal costs in the amount of $1,821.19, and expert costs in the amount of $5,376.75.

Dated this 8th day of June, 2010

                                         **BY THE SPECIAL MASTER:**

                                         /s/ Kevin D. Allen
                                         Kevin D. Allen