IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00867-MSK-KLM

MEDCORP, INC., an Ohio corporation,

    Plaintiff,

v.

PINPOINT TECHNOLOGIES, INC., a Delaware corporation, and
ZOLL DATA SYSTEMS, INC., a Delaware corporation,

    Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant['s] Motion to Compel Payment of Expert Witness Fees Pursuant to Fed. R. Civ. P. 26(b)(4)(C)(i)** [Docket No. 338; Filed August 20, 2010 ("Motion to Compel") and Defendant **Zoll's Motion for Cost Bond** [Docket No. 348; Filed August 27, 2010] ("Motion for Cost Bond").[1] Plaintiff, which has recently been placed in receivership by a state court in Ohio, responded in opposition to the Motion to Compel on September 2, 2010 [Docket No. 354] and to the Motion for Cost Bond on September 7, 2010 [Docket No. 357]. Defendant filed a Reply to the Motion for Cost Bond on September 10, 2010 [Docket No. 358], but was not permitted to file a reply to the Motion to Compel [Docket No. 340]. The Motions have been fully briefed and are ripe for resolution.

IT IS HEREBY **ORDERED** that the Motion to Compel [#338] is **GRANTED** and the

---

[1] Defendant Zoll Data Systems, Inc. was formerly known as Pinpoint Technologies, Inc. *See Motion for Cost Bond* [#348] at 1. As such, the Court refers to a single Defendant throughout this Order.

Motion for Cost Bond is **GRANTED** [#348]. My ruling on both Motions is explained below.

## I. Motion to Compel

Pursuant to the Motion to Compel, Defendant argues that Plaintiff should be ordered to comply with the parties' mutual agreement to pay for the deposition of the opposing party's expert. *Motion to Compel* [#338] at 2. Defendant's expert was deposed by Plaintiff on April 30, 2010. Plaintiff was invoiced for the amount of $2,765 but has failed to pay any amount to date despite repeated requests to do so by Defendant.

In its Response, Plaintiff does not dispute that it is obligated to reimburse Defendant's expert for his deposition. Nor does it contend that such fee is unreasonable. In fact, Plaintiff acknowledges that "the Federal Rules mandate that this Court must require Medcorp's payment . . . . Medcorp is not arguing that this Court should ignore the Federal Rules or Zoll's designated expert's rights." *Response* [#354] at 4. Despite the fact that Plaintiff acknowledges its debt, it contends that Defendant is bound by the state court order placing Plaintiff in receivership and that its Motion to Compel is in violation of such order.[2] *Id.* To this end, Plaintiff "requests that the Court suspend its ruling on Zoll's Motion for a least 30 days" to enable it to discuss the debt with the receiver. *Id.*

More than thirty days have elapsed since Plaintiff's request. Therefore, the Court has provided sufficient time for Plaintiff to apprise the receiver of the existence of this debt. Moreover, I find no basis for Plaintiff's contention that Defendant cannot seek payment of litigation expenses for its expert through this Court, as opposed to the state court. As Plaintiff recognizes, Fed. R. Civ. P. 26(b)(4)(C)(i) authorizes me to require such payment

---

[2] Specifically, Plaintiff contends that any request to pay pre-receiver debt must be made through the state court receivership proceedings.

and no state court receivership proceeding can enjoin me from doing so. *See Gross v. Weingarten*, 217 F.3d 208, 221-22 (4th Cir. 2000) (noting that state court has no authority to interfere with pending federal case despite party's placement in receivership by state court). Simply, this debt must be paid. While the Court understands that authorization of payment must be made by the receiver (who is not a party to this action) and approved by the receivership court, if Plaintiff wants to proceed in good stead in this lawsuit, it must find a way to comply with the Court's Order or risk sanction. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiff shall reimburse Defendant's expert in the amount of $2,745 on or before **January 7, 2010**. To the extent that the receivership court has not approved payment of this debt by the deadline, Plaintiff shall move for an extension of time and provide a reasonable time frame for approval of the payment.

## II. Motion for Cost Bond

Pursuant to the Motion for Cost Bond, Defendant argues that given Plaintiff's inability to pay its litigation debts, "while at the same time forcing Zoll to incur unusually high costs of defense," Plaintiff should be required to tender a cost bond in the amount of $100,000. *Motion for Cost Bond* [#348] at 3. Specifically, Defendant points to Plaintiff's history of avoiding or delaying payment and its recent placement in receivership as justifications for requiring a cost bond. *Id.*

In response, Plaintiff contends that Defendant's Motion for Cost Bond violates the state court receivership order and that the amount of any cost bond that could be required is capped by Colorado statute at $5,000. *Response* [#357] at 1 (citing Colo. Rev. Stat. §§ 13-16-101 & 13-16-102). Plaintiff also contends that a consideration of the costs that may be at issue in a case is limited to those costs addressed in 28.U.S.C. § 1920. *Id.* at 2. In

any event, Plaintiff contends that because obtaining the funds from the receiver is a complicated process, and involves approval by the receivership court, the Court should exercise its discretion not to impose a cost bond. *Id.* at 1-2.

"[T]he matter of whether to require a pre-judgment cost bond in federal court is within the trial court's discretion." *Piallat v. Replogle, M.D.*, 125 F.R.D. 165, 166 (D. Colo. 1989) (citing *Paramount Film Dist. Corp. v. Civic Ctr. Theatre*, 333 F.2d 358, 362 (10th Cir. 1964)). To this end,

> Factors which I may consider in determining whether to grant a motion to require posting of a cost bond include: (1) the merits of plaintiffs' claims; (2) the ability or willingness of plaintiffs to pay any costs which might be assessed; and (3) substantial costs which might be incurred by defendant during preparation for trial.

*Hartnett v. Catholic Health Initiatives Mountain Region*, 47 F. Supp. 1255, 1256 (D. Colo. 1999) (citing *Paramount*, 333 F.2d at 362; *Piallat*, 125 F.R.D. at 166); *see also Maddox v. Venezio*, No. 09-cv-0100, 2009 WL 4730745, at *1 (D. Colo. Dec. 3, 2009) (unpublished decision) (noting that the first factor is only instructive if the plaintiff's claims appear to be facially dubious).

Prior to considering whether to exercise my discretion and impose a cost bond, there are three preliminary matters that should be addressed. First, the Court rejects Plaintiff's contention that the Motion for Cost Bond violates the state court receivership order. As noted above, Plaintiff's placement in receivership does not suspend this federal lawsuit. *Gross*, 217 F.3d at 221-22. In relation to requests relevant to this case, Defendant is no more bound by the receivership order than is the Court. *See Baker v. GMC*, 522 U.S. 222, 236 n.9 (1998) (recognizing that state court cannot enjoin a party proceeding in federal court); *see also Riehle v. Margolies*, 279 U.S. 218, 224-25 (1929) (noting that lawsuit

involving liability of receivership corporation may be adjudicated outside receivership court).

Second, to the extent that Plaintiff argues that my discretion to impose a cost bond is limited by the amount prescribed by Colorado statute, the Court rejects this argument. The state of "Colorado's cost[-]bond statute is procedural in nature and the policies underlying [*Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)] do not militate toward applying that statute in federal court." *Hartnett*, 47 F. Supp. at 1256.  Rather, all issues regarding a cost bond are resolved by considering the *Hartnett* factors listed above and are not subject to state statutory limitations.  *Maddox*, 2009 WL 4730745, at *1; *see also Precisioncare, Inc. v. Liberty Mutual Ins. Co.*, No. 8:04-CV-1939-T-17EAJ, 2006 WL 2508090, at *1 (M.D. Fla. Aug. 26, 2006) (unpublished decision) (adopting reasoning in *Hartnett and Piallet* and refusing to order cost bond pursuant to state statute).

Third, the Court rejects Plaintiff's contention that the amount of costs that may be associated with a particular case can only include those costs listed in 28 U.S.C. § 1920 (listing costs such as court fees, transcript fees, court-appointed expert fees, interpreter fees, etc.).  One of the *Hartnett* factors specifically addresses consideration of any significant expense likely to be incurred by the moving party in preparing for trial.  For example, such expenses may be derived from the cost of discovery which is not a cost listed in § 1920.  *See, e.g.*, *In re Application of Michael Wilson & Partners*, No. 06-cv-02575-MSK-KMT, 2009 WL 1193874, at *8-9 (D. Colo. Apr. 30, 2009) (unpublished decision) (requiring $1 million cost bond where threshold showing supported determination that moving party's discovery costs had been and would continue to be substantial and filing party's ability to pay costs at a later time was in doubt); *see also Maddox*, 2009 WL 4730745, at *2 (considering whether the cost of discovery, including the necessity of

employing party experts, required the imposition of a cost bond).[3] Therefore, Plaintiff's proposed limitation of this factor is unpersuasive. The Court addresses the relevant *Hartnett* factors below.

Here, the factors relevant to my determination relate to Plaintiff's ability to pay costs awarded against it and whether significant costs are at issue in this litigation. Considering Plaintiff's ability to pay costs, Plaintiff does not dispute that it currently lacks funds to operate as an independent business. Its placement in receivership and its litigation history in this case suggest that Plaintiff does not currently have the ability to pay costs assessed against it. Here, I note that Plaintiff initially failed to pay the money owed to the Special Master appointed to resolve the parties' voluminous discovery disputes. It was only after the Special Master filed a motion for payment that Plaintiff paid this debt [Docket Nos. 303 & 324]. (Such payment appears to have occurred pre-receivership.) I also note that Plaintiff failed to pay Defendant's expert expenses and has now been ordered to do so. In relation to this debt, Plaintiff contended that it was incapable of paying the debt without going through a cumbersome approval process which is beyond its control. Given this history, it cannot be reasonably disputed that Plaintiff's ability to pay costs incurred in this lawsuit is sufficiently in doubt.

---

[3] To the extent that Plaintiff cites a 2006 unpublished opinion in support of its position that costs are limited to those enumerated in 28 U.S.C. § 1920, see *Jones v. Haga*, Case No. 05-cv-02268-PSF-CBS [Docket No. 136], I note that the opinion is against the greater weight of more recent authority in this District and does not take into account whether the cost of discovery should also be factored into the analysis of whether the defendant is likely to incur "substantial costs . . . during preparation for trial." See *Hartnett*, 47 F. Supp. at 1256. I also note that although the court only considered statutory costs in reaching its decision to deny a cost bond, it specifically left open the possibility that deposition costs could justify the imposition of a cost bond at some future date. *Jones*, Case No. 05-cv-02268-PSF-CBS [Docket No. 136] at 5.

Considering whether this case implicates substantial litigation costs, I have already rejected Plaintiff's unpersuasive contention that such expenses are limited to standard trial, transcript and copy fees. Rather, such costs may include discovery and other amounts that a defending party must spend in readying itself for trial. *See, e.g.*, *Piallat*, 125 F.R.D. at 166 (noting that deposition costs are relevant if the defendants also show that the plaintiff is unable to pay costs assessed against it in the future). Here, Plaintiff does not dispute that it intends to request a twelve-week trial and to call forty-nine witnesses to testify at trial. *See Reply* [#358] at 6. The discovery and trial preparation necessary to defend against such an aggressive litigation strategy is extensive and has been complicated throughout this case by verbose and largely baseless discovery motions filed by Plaintiff. *See, e.g.*, *Plaintiff's Motion* [#33]; *see also Motion for Cost Bond* [#348] at 7 (listing unsuccessful discovery motions filed by Plaintiff and successful discovery motions filed by Defendant necessitated by Plaintiff's conduct). As noted above, the discovery issues were so extensive that a Special Master was appointed to handle them [Docket No. 97]. In addition to the discovery costs associated with Plaintiff's trial strategy and the costs incurred in resolving discovery disputes brought or partially caused by Plaintiff, Defendant was forced to incur substantial expenses to obtain a ruling that Plaintiff spoliated evidence. To this end, the Court ordered Plaintiff to pay nearly $90,000 to Defendant [Docket No. 296].[4]

---

[4] To the extent that this factor relates only to costs incurred by Defendant in defense of Plaintiff's case against it, despite the existence of Defendant's counterclaims, I note that the spoliated evidence is relevant to Defendant's defense that Plaintiff's workstations, rather than Defendant's hardware, caused the performance problems at issue in Plaintiff's case. *See, e.g.*, *Order* [#296] at 5; *Special Master's Order* [#256] at 9, 13, 21-22. Therefore, this expense can be reasonably viewed to have been incurred by Defendant in preparation for trial on Plaintiff's claims.

Accordingly, I find that this case has required and will continue to require the expenditure of significant effort and money by Defendant to prepare for trial. Given the fact that Plaintiff's ongoing ability to pay any costs that may be assessed against it is sufficiently in doubt, I find that the imposition of a cost bond in the amount requested by Defendant is reasonable and appropriate here. *See, e.g.*, *In re Wilson*, 2009 WL 1193874, at *8-9 (noting that "skyrocketing costs" of discovery and the freeze on plaintiff's assets necessitated $1 million cost bond).

IT IS FURTHER **ORDERED** that on or before **January 31, 2010**, Plaintiff shall post a cost bond in the amount of $100,000 with the Clerk of the District Court for the District of Colorado. To the extent that the receivership court has not approved the expenditure of money necessary to post the cost bond by the deadline, Plaintiff shall move for an extension of time and provide a reasonable time frame for approval of the payment.

Dated:  November 30, 2010

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix