IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-00867-WJM-KLM

MEDCORP, INC., an Ohio corporation,

      Plaintiff,

v.

PINPOINT TECHNOLOGIES, INC., a Delaware corporation, and
ZOLL DATA SYSTEMS, INC., a Delaware corporation,

      Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant **Zoll's Motion for Order Compelling Medcorp to Name Counsel and State Intent to Pursue Matter** [Docket No. 389; Filed December 6, 2010] (the "Motion").[1]  Despite the Motion's title, Defendant's primary request for relief is dismissal of Plaintiff's case as a sanction for its failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  The Court directed Plaintiff to be prepared to discuss the Motion at a Status Conference held on December 22, 2010 [Docket No. 391].  Thereafter, the Court set a January 11, 2011 deadline for Plaintiff to respond [Docket No. 396].  Plaintiff did not respond.  Rather, counsel for Plaintiff's receiver filed a response and requested that the case be administratively closed for six months while state-court receivership proceedings and the sale of Plaintiff progress [Docket No. 407].  Plaintiff was warned by the Court that its failure to file an appropriate response would result in the Court recommending that

---

[1] Defendant Zoll Data Systems, Inc. was formerly known as Pinpoint Technologies, Inc. *See Order* [#386] at 1.  As such, the Court refers to a single Defendant throughout this Order.

Plaintiff's claims be dismissed due to its persistent failure to prosecute them [Docket No. 396].

Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for recommendation.  The Court has reviewed the Motion, the receiver's Response, Defendant's Reply, the entire case file, the applicable law and is sufficiently advised in the premises.  For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED**, and that Plaintiff's claims be dismissed with prejudice for failure to prosecute.

By way of providing necessary background, Plaintiff's lawsuit against Defendant has been pending since April 28, 2008 [Docket No. 1].  Plaintiff's claims involve breach of contract, fraud, and breach of the duty of good faith and fair dealing pursuant to Colorado law. Specifically, Plaintiff contends that Defendant materially breached a software licensing agreement between the parties and improperly induced Plaintiff to enter into the agreement based upon false representations.  *See Scheduling Order* [#21] at 2.  After the filing of the case, Defendant filed counterclaims against Plaintiff alleging breach of contract and unjust enrichment.  *See id.*  Discovery has been contentious and complicated by Plaintiff's spoliation of key evidence.  *See Order* [#296] at 5-7. Consequently, the parties' discovery disputes have been voluminous, necessitating the appointment of a Special Master to resolve them.  *See Order* [#386] at 7.

On August 6, 2010, after substantial party and judicial resources were expended, Plaintiff was placed in receivership by an Ohio state court to satisfy a $10 million judgment entered against it.  *See Motion* [#389] at 2.  Since that time, the case has been at a virtual standstill allegedly due to the cumbersome state court receivership approval requirements.

2

In addition, Defendant's counterclaims have been effectively stayed by Plaintiff's placement in receivership.

At the end of 2010, the Court conducted a series of status conferences with the parties to attempt to gauge if and how continuation of the case would be possible.  At the November 17, 2010 status conference [Docket No. 378], Plaintiff was unable to state its intention or ability to proceed with its case.  At that time, Plaintiff was represented by counsel, Steven Gibson, who had represented the company since the inception of the case.  Mr. Gibson informed the Court of his potential need to withdraw due to Plaintiff's failure to pay his legal fees and other expenses.  At the conclusion of the conference, the Court set a future status conference and directed the parties, particularly Plaintiff, to be prepared to discuss the continued viability of the case.  *See Order* [#378] at 2.

At the December 22, 2010 status conference [Docket No. 396], Plaintiff was again unable to state its intention or ability to proceed with the matter, and Mr. Gibson noted that he would be seeking leave to withdraw due to the failure to resolve Plaintiff's nonpayment of legal expenses.  Mr. Gibson sought and was given leave to withdraw in early January 2011 [Docket Nos. 400 & 403], which effectively left Plaintiff without legal representation.[2]  Although counsel for the receiver, Patricia Fugée, appeared as a courtesy to the Court at both status conferences, the Court does not equate Ms. Fugée's voluntary participation as an appearance on behalf of the named Plaintiff.  *See, e.g.*, *Order* [#386] at 3 (recognizing

---

[2] Although attorney James Philip Jensen remains listed as counsel of record for Plaintiff, this counsel left the employment of his law firm in November 2010 and failed to file a motion to withdraw in compliance with D.C.COLO.LCivR 83.3D.  Nevertheless, the Clerk terminated service of pleadings via the electronic case filing system as to Mr. Jensen on November 29, 2010 [Docket No. 382].  Despite the fact that Mr. Jensen did not seek formal permission to withdraw, the Court concludes that Plaintiff is effectively proceeding without representation.

that receiver is not a party to this action); *Receiver Response* [#407] at 5 (noting that the receiver is not the equivalent of Plaintiff).  Moreover, the Court notes that Plaintiff has not moved to substitute the receiver as the party in interest.  *See also Motion* [#389] at 3.

In addition to this history, the Court highlights several key Orders entered in this case.  On June 15, 2010, the Court ordered that Plaintiff be sanctioned for its spoliation of evidence by paying Defendant $89,395.88 in partial reimbursement of Defendant's fees and costs.  *Order* [#296] at 12.  Plaintiff has not paid this amount, and its objection to my Order [Docket No. 318] is pending with the District Judge assigned to this matter.  On November 30, 2010, the Court ordered Plaintiff to reimburse Defendant's expert in the amount of $2,765.00.  *Order* [#386] at 2.  The Court also ordered Plaintiff to post a cost bond in the amount of $100,000.00 to the Court's registry.  *Id.* at 8.  The Court imposed a deadline of January 31, 2010 to comply.  *Id.*  The Court explicitly informed Plaintiff that "[t]o the extent that the receivership court has not approved payment of [the expert witness fee] . . . [or] the expenditure of money necessary to post the cost bond by the deadline, Plaintiff shall move for an extension of time and provide a reasonable time frame for approval of the payment."  *Id.* at 3, 8.  Plaintiff did not object to my Order.  Moreover, Plaintiff failed to make either payment, see *Reply* [#413] at 4, or to move for an extension of time to do so by the deadline.

As noted above, the Court also ordered Plaintiff to file a response to the present Motion on or before January 11, 2011.  *Order* [#396] at 1.  In addition, the Court ordered that Plaintiff name new counsel who will represent its interests in this lawsuit by this date.  Plaintiff failed to comply with either order.  Instead, counsel for the receiver filed a response on behalf of the receiver and requested that Plaintiff's and Defendant's cases be

4

administratively closed.  *Receiver Response* [#407] at 4-5.  The receiver also stated that "he is not required to pursue litigation initiated by [Plaintiff], and that Plaintiff's primary creditor will not consent to expenditure of expenses to litigate Plaintiff's case."  *Id.* at 2-3.

From this history, the Court finds that Plaintiff is in clear defiance of several Court Orders, has not meaningfully prosecuted its case since August 2010 and has no present intention or ability to prosecute its case.

## I.  Recommendation

### A.     Dismissal as a Sanction

Given Plaintiff's failure to prosecute its case and comply with Court Orders, the Court considers whether the case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted), the Court of Appeals for the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[3]  *See also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90,

---

[3] The Court notes that the standards for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b) are essentially the same.  *See Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'"  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

### 1.    Prejudice to Defendant

After carefully reviewing the case file, the Court finds that Plaintiff's neglect of this case has prejudiced Defendant.  As summarized by Defendant:

> [T]here have been over 400 docket entries, two mediations, numerous hearings, approximately 35 depositions (including five third-party and seven expert depositions), and hundreds of thousands, if not millions, of dollars spent in attorneys' fees, expert witness fees and expenses. . . .  The appointment of the Special Master and some of the hearings were occasioned not by the complexity of the discovery issues in the case, but rather by the obstreperous conduct of [Plaintiff] and its counsel, which included the destruction of dozens of computers containing data central to this dispute.

*Reply* [#413] at 2.

There can be no dispute that Defendant expended substantial, necessary time and resources in defending against Plaintiff's allegations in this case.   To have expended so much effort and expense to defend against claims which Plaintiff has no present ability to prosecute clearly prejudices Defendant.  As noted above, the case has been effectively stayed by Plaintiff's placement in receivership and its unwillingness to withdraw its claims or its inability to proceed in a diligent fashion.  To this end, Plaintiff has failed to prosecute this case in a diligent manner since August 2010, and there is no clear indication when or if Plaintiff will be able to prosecute this case in the future.  Moreover, Plaintiff's failure to

post a cost bond severely prejudices Defendant because there is no certainty that Defendant will be able to recover any portion of its past or future costs incurred in defending itself against Plaintiff's claims.[4]  Given the clear prejudice to Defendant, I find that this factor weighs in favor of dismissal.

## 2.    Interference with the Judicial Process

The Court finds that Plaintiff's failure to prosecute its case, and specifically its failure to comply with several Court Orders, necessarily interferes with the effective administration of justice.  The issue here "is respect for the judicial process and the law."  *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).  For example, Plaintiff's failure to comply with my prior Order requiring Plaintiff to post a cost bond by a date certain or to move for an extension of time to do so evidences a lack of respect for the Court and the judicial process.  In addition, the Court's need to frequently review the case file, hold status conferences, issue Orders to address Plaintiff's failure to prosecute its case and prepare this Recommendation, increases the workload of the Court and takes its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues.  "This [Recommendation] is a perfect example [of additional work created for the Court], demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document."  *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006) (unpublished decision).  Given the clear interference with the judicial process, I find that this

---

[4] The failure to post a cost bond alone may justify dismissal.  *See Radoshevich v. Cent. Bank*, 117 F.R.D. 434, 435-36 (D. Colo. 1987) (dismissing action where plaintiff failed to post a cost bond and there was no assurance that "plaintiff will be any more successful in the near future").

factor weighs in favor of dismissal.

### 3. Culpability of Plaintiff

Plaintiff has failed to comply with Court Orders and failed to move its case forward. Specifically, Plaintiff failed to respond to the present Motion and provide a basis for its prior and ongoing case failures. Furthermore, Plaintiff technically no longer has counsel and a corporation cannot appear in this Court without representation. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); D.C.COLO.LCivR 11.1A. & 83.3D. In addition, nothing excuses Plaintiff's failure to comply with my Order requiring Plaintiff to post a cost bond by a date certain or to seek an extension of time to do so. While the receiver responded to the Motion and requested that the case be administratively closed, he also indicated that neither the receiver, nor the primary lienholder, is required to authorize a continuation of Plaintiff's lawsuit. *See Receiver Response* [#407] at 2. Indeed, the primary lienholder has specifically forbidden it. *Id.* at 3.

Further, as noted in my prior Order, to the extent that the receiver argues that Plaintiff should not be penalized by the cumbersome state-court receivership approval process, this Court is not constrained by any actions taken in the receivership proceeding. *See Order* [#386] at 3-5. While an automatic stay is imposed when a party initiates bankruptcy proceedings, a lawsuit filed by a party placed in receivership is not stayed and that party must continue to prosecute its federal case in compliance with applicable rules and court orders. *See generally Gross v. Weingarten*, 217 F.3d 208, 221-22 (4th Cir. 2000) (noting that state court receivership proceeding cannot impede federal lawsuit and that "[t]he existence of federal [case] is in no way affected by the potential for inconvenience to

8

the . . . receiver").

Moreover, the Court takes no comfort in the receiver's assertion that, to date, he has "taken appropriate action to the degree permitted by the Receiver Order."  *See Receiver Response* [#407] at 8.  While this statement may be technically true, it is Plaintiff's and not the receiver's culpability that is at issue here.  Plaintiff apparently conducted business in such a way as to necessitate the appointment of a receiver.  Simply, Plaintiff is in the position it is in now because of its own conduct.  Knowing that it can no longer prosecute its claims, Plaintiff could choose to withdraw them rather than continue to violate Court Orders or to proceed in defiance of clear law requiring that corporations have legal representation.  Accordingly, the Court concludes that Plaintiff's litigation failures are willful and will continue.  Given the clear culpability of Plaintiff, I find that this factor weighs in favor of dismissal.

### 4.      Advance Notice of Sanction of Dismissal

Plaintiff was warned by the Court on several occasions that it risked dismissal if it failed to move its case forward or to comply with certain Orders.  *Order* [#403] at 1; *Order* [#396] at 1.  Furthermore, Defendant's Motion clearly put Plaintiff on notice that Defendant was seeking dismissal of Plaintiff's claims.  *Motion* [#389] at 4-7.  The receiver acknowledges as much in his Response.  *Receiver Response* [#407] at 8.  Accordingly, Plaintiff had sufficient notice that its failure to prosecute its case or comply with certain Orders could result in the sanction of dismissal.  Given the fact that Plaintiff was on notice that it risked dismissal, I find that this factor weighs in favor of dismissal.

### 5.      Efficacy of a Lesser Sanction

Finally, the Court concludes that no sanction less than dismissal would be effective.

Although the Court initially discussed the option of administrative closure with the parties, given Plaintiff's failure to comply with several Court Orders since that time and failure to obtain new representation, it is clear that administrative closure would not be appropriate or fair to Defendant.  Further, the case has, in a sense, been effectively stayed since August 2010 with no positive result.  Given the fact that Plaintiff has failed to prosecute its case since August 2010 and has no present (and likely no future) ability to do so, the Court finds that administrative closure unnecessarily delays the inevitable.  *See Gross*, 217 F.3d at 224 (rejecting stay or abstention of federal case impacted by state-court receivership).  Moreover, the Court notes that the case has been pending for nearly four years and that further delay undermines Defendant's ability to defend against Plaintiff's claims.

In addition, administrative closure would unnecessarily delay a final decision regarding the Court's Order requiring Plaintiff to reimburse Defendant for nearly $90,000 incurred related to Plaintiff's spoliation of key evidence.  *See Order* [#296] at 9-12.  There is no basis to withhold this amount from Defendant any longer.  Although the receiver contends that he is unlikely to obtain permission to pay this amount, see *Receiver Response* [#407] at 9 & n.6, the Court notes that the receiver has sought and received permission to pay large amounts of money since inception of the receivership.  *See Reply* [#413] at 8-9.  The Court also notes that Plaintiff has already been sanctioned with an adverse inference instruction being used against it at trial.  *Order* [#296] at 2 (citing *Special Master Order* [#256] at 23).  Despite this sanction and other opportunities provided to Plaintiff to move its case forward, Plaintiff has continued to avoid its case responsibilities and failed to comply Court Orders.  Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result.

10

### B.      Entry of Judgment on Defendant's Counterclaims

In its Reply, Defendant seeks entry of judgment against Plaintiff in relation to Defendant's counterclaims.  This request was not contained in Defendant's Motion, which merely sought to resolve Plaintiff's case against it as a sanction.  Further, the Court did not contemplate that adjudication of Defendant's counterclaims against Plaintiff was also at issue here.  While it is clear that Plaintiff's conduct constitutes a failure to prosecute its own case, see *Rogers*, 502 F.3d at 1152 (noting that "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation, certainly known to every competent attorney"),  there is an insufficient basis to conclude that Plaintiff's conduct also rises to the level of neglect to justify entry of judgment against it on Defendant's counterclaims.  Specifically, on these pleadings, it is unclear whether Plaintiff's conduct has prejudiced Defendant's ability to proceed toward customary resolution of its counterclaims. For example, Plaintiff's failure to comply with my Order and post a cost bond relates to Plaintiff's ability to pursue its case, not to defend itself against Defendant's case.  Unless and until Plaintiff's dilatory conduct irreparably interferes with Defendant's ability to proceed on its own claims, entry of judgment on Defendant's counterclaims is not appropriate.

### II.  Conclusion

For the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that Defendant's Motion [#389] be **GRANTED** and that Plaintiff's claims against Defendant be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have **fourteen (14) days** after service of this Recommendation to serve and file any written

objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated:  February 18, 2011

                                       BY THE COURT:

                                       s/ Kristen L. Mix
                                       Kristen L. Mix
                                       United States Magistrate Judge